351 So.2d 26 (1977)
Donnie Lee IVORY, Petitioner,
v.
STATE of Florida, Respondent.
No. 49615.
Supreme Court of Florida.
July 14, 1977.
Rehearing Denied October 20, 1977.
*27 Bennett H. Brummer, Public Defender, and Thomas G. Murray, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for respondent.
HATCHETT, Justice.
This cause is before us to determine whether a defendant in a criminal case is denied a fair trial and due process of law when the trial judge responds to a request from the jury, during the period of its deliberations, without affording the prosecutor, the defendant, or defendant's counsel an opportunity to be present and object or request alternative courses of action. In the exercise of our jurisdiction,[*] we answer this question in the affirmative and reverse the conviction.
Petitioner, Donnie Lee Ivory, was indicted for first degree murder. At trial, the charge was reduced to second degree murder and the jury returned a verdict finding petitioner guilty of manslaughter.
After retiring to consider its verdict, the jury sent out two notes requesting the following additional information: the instructions to the jury, the defendant's statement, the medical examiner's report, and "the brief definitions of third degree murder and the various types of manslaughter." Without notifying the defendant, his counsel, or counsel for the state, and outside of their presence, the court ordered the bailiff to deliver to the jury the documentary exhibits requested. It was later discovered that the medical examiner's report had never been admitted into evidence. After the jury had the report for approximately 45 minutes, the trial judge ordered it withdrawn, whereupon the defendant filed a motion for mistrial. The trial court denied defendant's motion but did instruct the jury to disregard the written medical examiner's report. In a per curiam decision, Judge Nathan dissenting, the Third District Court of Appeal affirmed the conviction, Ivory v. State, 330 So.2d 853 (Fla. 3d DCA 1976).
Because we find that it was prejudicial error for the trial judge to respond to the jury's inquiries outside the presence of the prosecutor, the defendant, and his counsel, we need not determine whether the delivery to the jury room of the medical examiner's report was prejudicial error.
Florida Rule of Criminal Procedure 3.410, entitled "Jury Request to Review Evidence or for Additional Instructions" provides that if the jury, while deliberating, requests additional information or instructions, they shall be conducted to the courtroom by the bailiff. The rule then provides, in pertinent part, as follows:
Such instructions shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant. (Emphasis added.)
The comment to this rule also states:
If an additional requested instruction is given, if testimony is read to the jury, or if material is given to the jury, notice must be supplied to counsel for both the prosecution and the defense as emphasized in Smith v. State, 1957, 95 So.2d 525. 34 Fla. Stat. Ann. 145.
Obviously the court failed to follow the rule, but is the failure to follow the rule so prejudicial that a new trial is required? In Slinsky v. State, 232 So.2d 451, at 452 (Fla. 4th DCA 1970), that court stated:
After the case was submitted to the jury and during the course of their deliberations in the jury room, the jury sent a message by the bailiff to the trial judge. It requested that certain testimony be read back to them. The court summarily denied the request. This procedure was accomplished without inquiry, without opening court and without advising the defendant's counsel or the prosecuting attorney. It was also conducted outside the presence of the defendant. This procedure was assigned as error. We believe that it was and because of it that defendant should have a new trial.
As to whether failure to open court and have the defendant and his counsel present *28 constituted harmful error, the court in Slinsky, at 453, said:
[W]e feel that the practice here employed, innocently intended as undoubtedly it was, violated the defendant's rights in a harmful way and entitles him to a new trial... . [T]he trial court, faced with such request, should have advised counsel of it and re-convened court with defendant in attendance... . This would afford counsel an opportunity to perform their respective functions. They could advise the court, object, request the giving of additional instructions or the reading of additional testimony, and otherwise fully participate in this facet of the proceeding... .
We agree. Any communication with the jury outside the presence of the prosecutor, the defendant, and defendant's counsel is so fraught with potential prejudice that it cannot be considered harmless. Had the court followed the procedure set forth in the rule and in Slinsky by opening court and allowing the prosecutor and counsel for the defendant to be present, the matter involving the medical examiner's report probably would never have occurred. This points up the wisdom and practicality of such a rule.
We now hold that it is prejudicial error for a trial judge to respond to a request from the jury without the prosecuting attorney, the defendant, and defendant's counsel being present and having the opportunity to participate in the discussion of the action to be taken on the jury's request. This right to participate includes the right to place objections on record as well as the right to make full argument as to the reasons the jury's request should or should not be honored.
Most Florida authority is in accord. Holzapfel v. State, 120 So.2d 195 (Fla. 3d DCA 1960), cert. den., 125 So.2d 877 (Fla. 1960); McNichols v. State, 296 So.2d 530 (Fla. 3d DCA 1974), cert. den., 303 So.2d 645 (Fla. 1974). The First District Court of Appeal is contra. See Kimmons v. State, 178 So.2d 608 (Fla. 1st DCA 1965), cert. discharged, 190 So.2d 308 (Fla. 1966), cert. den., 387 U.S. 934, 87 S.Ct. 2057, 18 L.Ed.2d 996 (1967), holding that the sending of a written instruction to the jury, in the absence of defendant and his attorney, is at most an irregularity which does not require reversal when no prejudice is shown to have resulted. Insofar as Kimmons is in conflict with this holding, it is overruled.
Accordingly, the decision of the Third District Court of Appeal is quashed and the case remanded for a new trial.
It is so ordered.
ADKINS, BOYD, SUNDBERG and KARL, JJ., concur.
ENGLAND, J., concurs with an opinion.
OVERTON, C.J., dissents with an opinion.
ENGLAND, Justice, concurring.
The rule of law now adopted by this Court is obviously one designed to have a prophylactic effect. It is precisely for that reason that I join the majority. A "prejudice" rule would, I believe, unnecessarily embroil trial counsel, trial judges and appellate courts in a search for evanescent "harm", real or fancied.
OVERTON, Chief Justice, dissenting.
I dissent.
I would require a determination that the medical examiner's report was in fact prejudicial to the defendant's case. The decision of the Third District Court of Appeal should be affirmed.
NOTES
[*] Article V, Section 3(b)(3), Florida Constitution.