488 So.2d 62 (1986)
Ralph Cortez WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 67217.
Supreme Court of Florida.
May 1, 1986.
*63 Rhonda S. Martinec of Daniel, Komarek and Martinec, Chartered, Panama City, for petitioner.
Jim Smith, Atty. Gen. and Gregory S. Costas, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
We review Williams v. State, 468 So.2d 335 (Fla. 1st DCA 1985), to answer two certified questions of great public importance.[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Petitioner was charged with attempted first-degree murder of his estranged wife. The evidence showed that petitioner purchased a handgun and ammunition approximately thirty minutes prior to the shooting, drove to the restaurant where his estranged wife worked, entered the restaurant, and fired a single shot into the back of her head. A second shot missed, whereupon petitioner turned the weapon on himself and fired a third shot into his own head. The incident was witnessed by customers and employees of the restaurant, and defense counsel conceded in closing argument to the jury that petitioner fired the shot which injured the victim. Petitioner pleaded not guilty by reason of insanity and produced two expert witnesses who testified that petitioner was suffering from a temporary mental impairment at the time of the shooting as a result of the marital estrangement and did not know what he was doing. The state produced its own expert who testified to the contrary. Petitioner testified that he remembered buying the gun to shoot snakes, but could recall nothing thereafter until he awakened in the hospital after the shootings.
After the jury retired for deliberation, it requested a copy of the jury instructions from the bailiff. The judge, who was simultaneously conducting a second trial while the jury deliberated, told the jury through the bailiff that the instructions were not available in a suitable form, but that he would reread the instructions to the jury if it so desired. The prosecutor and defense counsel were not advised of the jury request. The jury did not request a rereading and returned a guilty verdict with the words "with mercy" appended.
Florida Rules of Criminal Procedure 3.400 and 3.410 both bear on the issues presented. Rule 3.400(c) permits the jury, at the discretion of the judge, to take to the jury room a copy of the jury instructions. The assumption underlying the rule is that both the state and the defendant will be present at the time the judge directs the material to be taken and may be heard. Rule 3.410 is more explicit. It provides that if the jury requests additional instructions or to have testimony read to them, after it retires to consider its verdict, such instructions or testimony will be given in *64 open court and only after notice to both the prosecutor and counsel for the defendant.
In Ivory v. State, 351 So.2d 26 (Fla. 1977), the trial judge gave documentary exhibits to the jury upon request without advising either the state or defense. The documents included one exhibit not in evidence which was subsequently withdrawn after approximately forty-five minutes. We found that this was an obvious violation of rule 3.410. In determining whether the error was harmful, we agreed with the court in Slinsky v. State, 232 So.2d 451 (Fla. 4th DCA 1970), and reasoned:
Any communication with the jury outside the presence of the prosecutor, the defendant, and defendant's counsel is so fraught with potential prejudice that it cannot be considered harmless.
Ivory, 351 So.2d at 28. Accordingly, we held
it is prejudicial error for a trial judge to respond to a request from the jury without the prosecuting attorney, the defendant, and defendant's counsel being present and having the opportunity to participate in the discussion of the action to be taken on the jury's request. This right to participate includes the right to place objections on record as well as the right to make full argument as to the reasons the jury's request should or should not be honored.
Id.
In the case sub judice, the district court recognized Ivory's apparent ruling of per se reversible error but reasoned that we had subsequently qualified the per se rule by application of harmless error principles to similar errors in two death penalty cases, Rose v. State, 425 So.2d 521 (Fla. 1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983), and Hitchcock v. State, 413 So.2d 741 (Fla.), cert. denied, 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982). The district court then applied harmless error analysis and affirmed the conviction on the basis that the error was harmless.
We answer the first certified question in the affirmative. Although the trial judge had the discretion to deny the jury's request for a copy of the instructions under rule 3.400, the request was clearly for additional instructions. The state and defense should have been given an opportunity to be heard on the question under rule 3.410.[2]
We also answer the second certified question in the affirmative. The district court points out that we have inconsistently applied the Ivory rule of per se reversible error. To the extent that some phraseology in Rose is being construed to modify Ivory, we disapprove that construction. We reaffirm Ivory by holding that violation of rule 3.410 is per se reversible error. Accord Curtis v. State, 480 So.2d 1277 (Fla. 1985). We recognize that the language of Ivory can be expansively read to mean that any communications between the judge and jury without notice to the state and defense is per se reversible error. Communications outside the express notice requirements of rule 3.410 should be analyzed using harmless error principles. Accord Hitchcock.
We quash the decision below and remand for proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, EHRLICH and BARKETT, JJ., concur.
SHAW, J., concurs in result only with an opinion, in which McDONALD, J., concurs.
SHAW, Justice, concurring in result only.
I agree that the communication here falls within the scope of Florida Rule of Criminal Procedure 3.410 and that it was harmful error not to notify defense counsel of the jury request. I do not agree that such communications are always harmful and that a rule of per se reversible error should be applied.
In Ivory v. State, 351 So.2d 26 (Fla. 1977), without notice to the state or defense, the *65 trial judge responded to a jury request by providing it with a copy of the jury instructions and a medical examiner's report which had not been entered into evidence. We relied on Slinsky v. State, 232 So.2d 451 (Fla. 4th DCA 1970) for a purported rule that "any communications with the jury outside the presence of the prosecutor, the defendant, and defendant's counsel is so fraught with potential prejudice that it cannot be considered harmless." Ivory, 351 So.2d at 28. However, Slinsky does not support this proposition. In Slinsky, the judge, without notice to the parties, summarily denied a jury request that the testimony be read back to it. The Slinsky court attempted to apply harmless error analysis in accordance with controlling case law but concluded that the error was harmful because:
The specifics of the request were not recorded and were not reflected in the record. Thus, we can not determine the effect, if any, that this denial may have had in the guilt determination, as was done in Nelson v. State, 1941, 148 Fla. 338, 4 So.2d 375. On one hand the testimony sought might have been innocuous or simply cumulative, on the other hand it might have been that the jury erroneously recalled critical testimony which, had it been corrected, would have resulted in a not guilty verdict.
Slinsky, 223 So.2d at 452. While it was appropriate to determine that the particular error was harmful because the state was unable to show beyond a reasonable doubt that the error did not affect the verdict, Slinsky does not stand for the proposition that such communications are per se reversible; it stands for the proposition that such errors should be analyzed using harmless error principles.
In Ivory, we also cited Holzapfel v. State, 120 So.2d 195 (Fla. 3d DCA), cert. denied, 125 So.2d 877 (Fla. 1960), and McNichols v. State, 296 So.2d 530 (Fla. 3d DCA), cert. denied, 303 So.2d 645 (Fla. 1974), as being in accord. Neither case stands for the proposition cited in Ivory. In Holzapfel, the court held that it was error to communicate with the jury outside the presence of defendant and counsel but did not hold it was per se reversible. Instead, the court reversed the conviction on the ground the state had failed to prove an essential element of the offense. In McNichols, the court relied on Slinsky for the proposition that the particular communication was harmful.
In Rose v. State, 425 So.2d 521 (Fla. 1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983), we unanimously agreed that harmless error principles were applicable when the trial court in a death penalty case violated rule 3.410 by reinstructing the jury without notifying and giving counsel an opportunity for discussion.[1] We held that under the circumstances the error was harmless with only Justice Overton dissenting on the ground the error was in fact prejudicial, not harmless. There was no suggestion in either the majority or dissenting opinions that the rule of per se reversible error was applicable to violations of rule 3.410. It is clear then that the district court sub judice, and the four other district courts, are correct in concluding that we receded from the overly expansive dicta of Ivory that any communication with the jury without notifying the prosecution, defendant and defendant's counsel could not be considered harmless. I would follow Rose and recede from Ivory. Accord Meek v. State, 474 So.2d 340 (Fla. 4th DCA 1985); Morgan v. State, 471 So.2d 1336 (Fla. 3d DCA 1984); Smith v. State, 453 So.2d 505 (Fla. 4th DCA 1984), review denied, 462 So.2d 1107 (Fla. 1985); Brown v. State, 449 So.2d 1293 (Fla.2d DCA), review denied, 459 So.2d 1039 (Fla. 1984); and Villavicencio v. State, 449 So.2d 966 (Fla. 5th DCA), review denied, 456 So.2d 1182 (Fla. 1984).
Turning to the case at hand and applying harmless error principles, I am persuaded that the state has not met its burden of *66 showing beyond a reasonable doubt that the jury verdict was not affected by the refusal of the trial judge to provide a copy of the jury instructions to the jury. Petitioner concedes, and the evidence shows, that the petitioner fired the shot which injured his estranged wife. The evidence is not only overwhelming, it is uncontroverted. The question remains, however, of whether there is a reasonable possibility that the jury might have returned a verdict of not guilty by reason of insanity or a verdict of guilt on one of the numerous lesser included offenses[2] had the jury received a copy of, or been reinstructed on, the original jury instructions. On the issue of insanity, there was conflicting expert testimony and we cannot say beyond a reasonable doubt that reinstructions might not have changed the verdict. On the issue of lesser included offenses, the jury's insertion of the words "with mercy" indicates that it had some misgivings about the verdict. On both insanity and lesser included offenses, the jury instructions are critical to deliberations. If the jurors were in doubt about these instructions, as they apparently were, there is a reasonable possibility that the verdict was affected by the error. The state urges that we cannot speculate and that petitioner has not shown the error was prejudicial. This argument misstates the harmless error rule. The state, as the beneficiary of the error, is required to show beyond a reasonable doubt that the error did not affect the verdict. United States v. Hasting, 461 U.S. 499, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983); Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); State v. Marshall, 476 So.2d 150 (Fla. 1985); State v. Murray, 443 So.2d 955 (Fla. 1984). The state has not met its burden and, for that reason, I concur in result only.
McDONALD, J., concurs.
NOTES
[1] The certified questions are:

1. Is a trial judge's denial of a jury request for a copy of instructions within the express notice requirements of Fla.R.Crim.P. 3.410? 2. Does Ivory v. State, 351 So.2d 26 (Fla. 1977), preclude application of a harmless error rule to a trial judge's denial of a jury request for a copy of instructions during deliberations, without notice to counsel?
Williams, 468 So.2d at 337.
[2] Because the district court found the error to be harmless, it did not address this question.
[1] Our holding anticipated Rushen v. Spain, 464 U.S. 114, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983), wherein the Court emphatically disagreed with the notion that "an unrecorded ex parte communication between trial judge and juror can never be harmless error." Id. at 117, 104 S.Ct. at 455.
[2] The jury instructions included eight lesser included offenses: attempted second-degree murder, attempted manslaughter, aggravated battery with firearm, aggravated battery, aggravated assault with firearm, aggravated assault, battery, and assault.