We review Meek v. State, 474 So.2d 340 (Fla. 4th DCA 1985), in order to answer a certified question of great public importance.[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Petitioner was convicted of first-degree murder. During its deliberations, the jury asked:
 If one person is guilty of premeditated first degree murder and the other person meets all criteria set forth in instruction 3.01, principal, are both guilty of first degree premeditated murder?
Id. at 341. Petitioner was in a nearby restaurant awaiting the verdict but the judge conferred with the prosecutor and defense counsel and all agreed the answer was yes. The jury was then brought into open court and the question answered without petitioner's presence.
On appeal, the district court, relying on Rose v. State, 425 So.2d 521
(Fla. 1982), cert. denied, 461 U.S. 909, 103 S.Ct. 1883, 76 L.Ed.2d 812 (1983), and Hitchcock v. State, 413 So.2d 741
(Fla.), cert. denied, 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982), and cases from various other district courts,[2] rejected the argument that Ivory v. State, 351 So.2d 26
(Fla. 1977), mandated reversal in every case where a defendant was absent during a communication with the jury. The district court reasoned that in Ivory the trial judge did not notify either the prosecutor or defense counsel of the jury request, unlike here, and that the answer to the jury question here was purely a legal question which petitioner does not challenge as being incorrect. Consequently, the district court found there was no violation of Florida Rule of Criminal Procedure 3.410.
We agree with the district court that notification of counsel was sufficient under rule 3.410 and that no violation of the rule occurred. We recently reaffirmed Ivory. Williams v. State, 488 So.2d 62
(Fla. 1986). In the years since Ivory issues, we have not amended rule 3.410 to require the presence of the defendant, in addition to counsel, and did not intend by the language inIvory to establish such requirement. We answer the certified question in the affirmative.
Petitioner also urges that his absence during the answer to the jury's question *Page 1060 
was contrary to Florida Rule of Criminal Procedure 3.180(a)(5), which calls for the presence of the defendant "[a]t all proceedings before the court when the jury is present." The district court held that petitioner had voluntarily absented himself from the courtroom in accordance with rule 3.180(b) and there was no error in instructing the jury with petitioner absent. We agree with the result, but not the reasoning of the district court. Petitioner was in a nearby restaurant awaiting the verdict with the court's permission. He had not voluntarily absented himself from the courtroom within the terms of rule 3.180(b) and could have been easily recalled. Rule 3.180(b) deals with the defendant who absents himself without leave of court or is removed for disruptive conduct.
The record shows that trial counsel informed petitioner of the jury question and the answer before the jury finished its deliberations. Subsequently, petitioner offered no objection to his absence either during the remainder of the trial proceedings or in two motions for a new trial, one filed immediately after the verdict was published and another filed within ten days of the verdict. Thus, it is clear that petitioner subsequently ratified his absence and there was no error. In any event, the instructions were a correct statement of the law of principals, with which defense counsel agreed, and petitioner's absence was harmless. Accord Stano v. State, 473 So.2d 1282, 1288 (Fla. 1985), cert. denied, ___ U.S. ___, 106 S.Ct. 869, 88 L.Ed.2d 907 (1986). Petitioner's reliance on Curtis v. State, 480 So.2d 1277
(Fla. 1985), is misplaced. In Curtis, the trial judge violated rule 3.410 by responding to a request from the jury for additional instructions without informing either the prosecutor or the defense counsel and giving them an opportunity to be heard. Here, the prosecutor and defense counsel were notified and heard.
We approve the decision below for the reasons given herein, and answer the certified question in the affirmative.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and BARKETT, JJ., concur.
ADKINS, J., dissents.
[1] The certified question is:
HAVE SUBSEQUENT DECISIONS MODIFIED THE HOLDING IN IVORY V. STATE, 351 So.2d 26 (FLA. 1977) TO PERMIT APPLICATION OF THE HARMLESS ERROR DOCTRINE WHEN A TRIAL JUDGE, DURING JURY DELIBERATIONS, RESPONDS TO A LEGAL QUESTION IN THE PRESENCE OF BOTH DEFENSE COUNSEL AND THE PROSECUTOR, BUT IN THE ABSENCE OF THE DEFENDANT?
Meek, 474 So.2d at 343.
[2] Villavicencio v. State, 449 So.2d 966 (Fla. 5th DCA),review denied, 456 So.2d 1182 (Fla. 1984); Brown v. State,449 So.2d 1293 (Fla. 2d DCA), review denied, 459 So.2d 1039 (Fla. 1984); Smith v. State, 453 So.2d 505 (Fla. 4th DCA 1984),review denied, 462 So.2d 1107 (Fla. 1985).