497 So.2d 281 (1986)
Stephen William BRADLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1028.
District Court of Appeal of Florida, Fifth District.
October 9, 1986.
As Modified on Motion for Rehearing November 10, 1986.
*282 James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sean Daly, Asst. Atty. Gen., Daytona Beach, for appellee.
UPCHURCH, Chief Judge.
Stephen Bradley appeals his conviction and sentence for burglary with a battery, petit theft and battery.
The first question presented is whether the attorneys for the state and defense were given notice during deliberation of the jury's request to review evidence as required by Florida Rule of Criminal Procedure 3.410.[1] While the jury was deliberating, it submitted to the judge the question, "Can we read the original police report?" The record does not reflect whether notice was given to the prosecuting attorney or counsel for defendant as required by rule 3.410. The judge responded by appending to the bottom of the paper on which the question was written: "No. The police report is not in evidence. You have to consider only the matters in evidence."
In Ivory v. State, 351 So.2d 26 (Fla. 1977), the supreme court stated:
It is prejudicial error for a trial judge to respond to a request from the jury without the prosecuting attorney, the defendant and defendant's counsel being present and having the opportunity to participate in the discussion of the action to be taken on the jury's request.
Id. at 28. In Curtis v. State, 480 So.2d 1277 (Fla. 1985), the supreme court reaffirmed the viability of Ivory and stated:
Any communication with the jury outside the presence of the prosecutor, the defendant and defendant's counsel is so fraught with potential prejudice that it cannot be considered harmless.
Id. at 1278.
However, in Meek v. State, 487 So.2d 1058 (Fla. 1986), the Florida Supreme Court recently held that it was not error under Ivory or rule 3.410 to respond to the jury's request after notice to counsel for defendant even though defendant was not present. In another recent opinion, the supreme court recognized that "the language of Ivory can be expansively read to mean that any communication between the judge and jury without notice to the state and defense is per se reversible error. Communications outside the express notice requirements of rule 3.410 should be analyzed using harmless error principles." Williams v. State, 488 So.2d 62, 64 (Fla. 1986). In any event, the supreme court did not intend the holding in Ivory to mean any communication would be per se reversible error. See Hitchcock v. State, 413 So.2d 741 (Fla.), cert. denied, 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982).
There is no contention here that the court's answer was legally incorrect, only that such a statement to the jury in the absence of defendant or his attorney is per se reversible. Based on the record before us, it is unclear whether defense counsel was notified or present when the jury submitted the question about the police report; however, it is clear that the communication here is not covered by rule 3.410. This rule only requires notice to counsel if the jury requests additional instructions or testimony be read to them. The supreme court decisions holding that the communications were per se reversible error under rule 3.410 are distinguishable because those factual situations involved requests for additional jury instructions, Morgan v. State, 492 So.2d 1072, (Fla. 1986); Williams, or questions about testimony or evidence presented at trial, Curtis; Ivory.
*283 In the instant case, the jury (1) did not request additional instructions, and 2) did not request to have any testimony read to them. These are the express notice requirements of the rule. Hence, the jury communication was outside of these requirements and the harmless error rule, and some common sense, must apply. There is no contention by appellant that he was in any way harmed by this denial. See Villavicencio v. State, 449 So.2d 966 (Fla. 5th DCA), rev. denied, 456 So.2d 1182 (Fla. 1984).
The decision in Curtis is readily distinguishable. That case did not merely involve the trial court's refusal to answer a jury inquiry as to whether a police report was in evidence. The jury questions and the court's response thereto were much broader, as follows:
Q. Jury wishes to know if there is a record of plaintiff shouting into the phone, `he's going to stab me.'
Q. Can we accept that statement as evidence?
On the same sheet of paper, filed in open court and made part of the record, the trial judge responded:
A. Members of the jury: Your decision in this case will have to be based solely on the evidence presented in the trial itself  This evidence consists of the testimony of the witnesses and the photographs only. As to the testimony, you will have to consider all of it and you may accept or reject all or part of any witness' statement depending upon its credibility or lack of credibility when considered or compared with all of the other evidence.
480 So.2d at 1277.
The request in Curtis, unlike the request in the instant case, did involve the testimony given during the trial and did request an instruction on applicable law regarding that testimony and, thus, unlike the instant case, falls within the ambit of rule 3.410.
The second question presented is whether valid reasons were given to support a sentencing guidelines departure. The state concedes that the reasons for departure, which considered appellant's criminal record and the instant offenses, were improper under Hendrix v. State, 475 So.2d 1218 (Fla. 1985). We find the trial court erred by not providing clear and convincing reasons for departure. We affirm the conviction but remand for resentencing.
AFFIRMED in part; REVERSED and REMANDED in part.
COBB, J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
The decisive issue in this case is whether it should be reversed for a new trial because rule 3.410 of the Florida Rules of Criminal Procedure was violated. That rule provides:
Jury Request to Review Evidence or for Additional Instructions
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them. Such instructions shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
The record shows that while the jury was deliberating in this case, it sent to the judge the following question, "[c]an we read the original police report?" The court minutes reflect that the jury retired for deliberations at 12:24 p.m. The next entry shows the court's receipt of the jury's written question. Apparently neither the state, defense counsel nor the defendant were notified about the question; nor was a response made in their presence in open court. The judge replied by appending to the bottom of the paper on which the question was written: "No. The police report is not in evidence. You have to consider only the matters in evidence."
*284 Any violation of rule 3.410 must be regarded as reversible without regard to the harmless error rule. In Ivory v. State, 351 So.2d 26 (Fla. 1977), the Florida Supreme Court held:
[I]t is prejudicial error for a trial judge to respond to a request from the jury without the prosecuting attorney, the defendant and defendant's counsel being present and having the opportunity to participate in the discussion of the action to be taken on the jury's request.
Id. at 28. In Curtis v. State, 480 So.2d 1277 (Fla. 1985), and Williams v. State, 488 So.2d 62 (Fla. 1986), the supreme court reaffirmed the viability of Ivory.
However, in Meek v. State, 487 So.2d 1058 (Fla. 1986), the supreme court held that it was not error under Ivory or rule 3.410 to respond to a jury's inquiry on a point of law without the presence of the defendant, when his attorney was notified and was present in court for the jury instruction. The court said defendant's absence could be considered harmless error or even voluntarily waived in that case, because defense counsel told his client about the question and answer given, and the defendant made no objection prior to the time the jury returned its guilty verdict, although he had adequate time to do so. Meek has no impact on this case since it must be assumed from the record that the trial judge made no effort to comply with rule 3.410 by notifying the attorneys, and responding to the jury's inquiry in open court.
The primary issue in this case is whether or not the jury's inquiry and the judge's response were within the scope of rule 3.410: a request for additional instructions or to have any testimony read to them. An inquiry totally beyond the area of the jury's deliberations and not related to the issues put to them for decision would not be a violation of rule 3.410. Hitchcock v. State, 413 So.2d 741 (Fla. 1982), cert. denied, 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982).
However, if the question asked by the jury relates to the evidence in the case, or a question of law which they must apply, then rule 3.410 applies. It also appears that the Florida Supreme Court reads this rule in a broader rather than a more limited fashion. In Curtis, the court said the rule was violated when the trial court refused to directly answer the jury's inquiry as to whether or not a police report was in evidence and whether they could rely on it. Curtis is similar to this case except that the trial judge in this case answered the question negatively, as in Williams v. State, supra. However, the point of inquiry was the same: what was in evidence and what the jury could consider on the issue of guilt or innocence.[1]
In Curtis the supreme court explained:
The "response" contemplated by Ivory vis-a-vis "instructions," encompasses more than merely rereading some or all of the original instructions, or the giving of additional instructions from the Florida Standard Jury Instructions (Criminal). The procedural mandates of rule 3.410 apply when any additional instructions are requested.
"Additional instructions" are defined thusly: "If during the course of deliberations the jury is unclear about a particular point of law or aspect of the evidence it may request the court for additional or supplementary instructions." Black's Law Dictionary 769 (rev. 5th ed. 1979). A "jury instruction" is a "direction given by the judge to the jury concerning the law of the case." Id. Obviously, the trial judge's response in this case was an "instruction," a "direction ... concerning the law of the case" in response to a question about an "aspect of the evidence"  in short, the trial judge gave additional instructions to the jury without complying with rule 3.410.
* * * * * *
... As the written response in this case demonstrates, even a refusal to answer *285 questions (emphasis added) frequently will require something more than a simple "no," and both the state and the defendant must have the opportunity to participate, regardless of the subject matter of the jury's inquiry. Without this process, preserved in the record, it is impossible to determine whether prejudice has occurred during one of the most sensitive stages of the trial. (Emphasis in original).
480 So.2d at 1278-79.
Because I would reverse this case for new trial, I do not reach the other issues presented which deal with the propriety of the reasons given by the trial court to support a "departure"[2] sentence under the guidelines. I note, however, that the state concedes the reasons for departure, which considered Bradley's criminal record and the instant offenses, were improper under Hendrix v. State, 475 So.2d 1218 (Fla. 1985).
NOTES
[1] Rule 3.410 provides:

After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them. Such instructions shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
[1] To that extent, this court's decision in Villavicencio v. State, 449 So.2d 966 (Fla. 5th DCA 1984) has been overruled. See also Williams v. State, supra.
[2] Fla.R.Crim.P. 3.701.d.11.