513 So.2d 112 (1987)
Stephen William BRADLEY, Petitioner,
v.
STATE of Florida, Respondent.
No. 69657.
Supreme Court of Florida.
September 24, 1987.
James B. Gibson, Public Defender, Seventh Judicial Circuit, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen., and Sean Daly, Asst. Atty. Gen., Daytona Beach, for respondent.
EHRLICH, Judge.
The case of Bradley v. State, 497 So.2d 281 (Fla. 5th DCA 1986) is before us for review because it is in direct conflict with Curtis v. State, 480 So.2d 1277 (Fla. 1985). We have jurisdiction. Art. V., § 3(b)(3), Fla. Const.
Bradley was convicted of burglary of a dwelling with a battery, petit theft and battery. During deliberations, the jury submitted a note to the judge asking, "Can we read the original police report?" On the bottom of the paper on which the question was submitted, the judge wrote: "No. The police report is not in evidence. You have to consider only the matters in evidence." Bradley, 497 So.2d at 282. The report had been marked for identification purposes and had been used during trial to refresh a witness' recollection and later to impeach the witness, but was never introduced into evidence. The record does not reflect whether notice of the jury's inquiry was given to the prosecuting attorney or defense counsel prior to the trial judge's response.
In Ivory v. State, 351 So.2d 26, 28 (Fla. 1977), we held that "it is prejudicial error for a trial judge to respond to a request from the jury without the prosecuting attorney, the defendant, and defendant's counsel being present and having the opportunity to participate in the discussion of the action to be taken on the jury's request." We recently recognized, in Williams v. State, 488 So.2d 62, 64 (Fla. 1986), that the language of Ivory can be expansively read to mean that any communication between the judge and jury without notice to the state and defense is per se *113 reversible error. In reaffirming Ivory, however, we held that violation of Florida Rule of Criminal Procedure 3.410 is per se reversible error, but communications outside the express notice requirements of rule 3.410 should be analyzed using harmless error principles. Id.
Rule 3.410 requires:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them. Such instructions shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
The district court ruled that the communication here is not covered by Florida Rule of Criminal Procedure 3.410, stating that "[t]his rule only requires notice to counsel if the jury requests additional instructions or testimony be read to them," and that neither request was made in the communication in issue. Bradley, 497 So.2d at 282-83. We disagree, and hold that Ivory and Curtis mandate reversal.
In Curtis v. State, the foreman of the jury sent two written questions to the trial judge:
Q: Jury wishes to know if there is a record of plaintiff shouting into the phone, "he's going to stab me."
Q: Can we accept that statement as evidence?
On the same sheet of paper, filed in open court and made part of the record, the trial judge responded:
A. Members of the jury: Your decision in this case will have to be based solely on the evidence presented in the trial itself  This evidence consists of the testimony of the witnesses and the photographs only. As to the testimony, you will have to consider all of it and you may accept or reject all or part of any witness's statement depending upon its credibility or lack of credibility when considered or compared with all of the other evidence.
480 So.2d 1277. We held that the trial judge's response was obviously an "instruction", given without complying with rule 3.410, and Ivory mandated reversal.
Under the broad definitions set forth in Curtis, "[i]f during the course of deliberations the jury is unclear about a particular ... aspect of the evidence it may request the court for additional or supplementary instructions;" a "jury instruction" is a "direction given by the judge to the jury concerning the law of the case." 480 So.2d at 1278, (quoting Black's Law Dictionary 769 (rev. 5th ed. 1979)). The jury inquiry in Bradley discloses that the jury appears to be "unclear about a particular ... aspect of the evidence," namely whether the original police report is in evidence and if so, may they read it. As in Curtis, the trial judge's response to the jury inquiry in Bradley was an instruction, a "direction given by the judge to the jury concerning the law of the case," in response to a question about an "aspect of the evidence", with no indication on the record of compliance with rule 3.410.
The district court characterized the trial judge's response as merely a refusal to answer a jury inquiry as to whether a police report was in evidence. 497 So.2d at 283. We disagree with this characterization. The response by the trial judge went beyond a mere refusal to answer. Furthermore, in Curtis we stated that the district court's conclusion that a refusal to answer is not within the scope of rule 3.410 was incorrect. 480 So.2d at 1278. We find the message set forth in Curtis to be equally applicable in this case:
As the written response in this case demonstrates, even a refusal to answer questions frequently will require something more than a simple "no," and both the state and the defendant must have the opportunity to participate, regardless of the subject matter of the jury's inquiry. Without this process, preserved in the record, it is impossible to determine whether prejudice has occurred during *114 one of the most sensitive stages of the trial.
Id. at 1279.
The state argues that Petitioner's counsel conceded in oral argument before the district court that defense counsel was in fact present during the trial court's consideration of the inquiry from the jury and that presence of counsel is all that is required under rule 3.410 according to Meek v. State, 487 So.2d 1058 (Fla. 1986). The state suggests that if it is determined that rule 3.410 was applicable, the case should be remanded "to reconstruct the record for determination as to who was and was not present during the jury communication at issue." We decline to do so. The right to participate, set forth in Ivory, includes the right to place objections on the record as well as the right to make full argument as to why the jury request should or should not be honored. 351 So.2d at 28. "Notice is not dispositive. The failure to respond in open court is alone sufficient to find error." Curtis, 480 So.2d at 1278, n. 2.
Our decision in Meek does not support the state's argument. The issue considered in Meek was whether the per se reversible error doctrine applicable to violations of rule 3.410 under Ivory required reversal when the trial judge responded to an inquiry from the jury in the absence of the defendant. Although we stated in Meek that "notification of counsel was sufficient under rule 3.410," 487 So.2d at 1059, this statement was made in the context of explaining that Ivory and rule 3.410 did not require the presence of the defendant, only counsel. Meek is distinguishable from the instant case. In Meek, it was apparent that "the judge conferred with the prosecutor and defense counsel and all agreed the answer was yes. The jury was then brought into open court and the question answered... ." 487 So.2d at 1059.
Accordingly, we quash the decision of the district court and remand for further proceedings consistent with this opinion.
It is so ordered.
OVERTON, SHAW, BARKETT and KOGAN, JJ., concur.
GRIMES, J., concurs specially with an opinion.
McDONALD, C.J., dissents.
GRIMES, Judge, specially concurring.
This case presents a good illustration of why I would have declined to adopt a rule which requires a per-se reversal for violations of Florida Rule of Criminal Procedure 3.410. Because the police report had not been introduced into evidence, the judge gave the jury the only possible answer which could have been given, and the state is now even precluded from showing that defense counsel may have been present at the time. The petitioner could not have been prejudiced, and the error was entirely harmless.
Notwithstanding, I agree that Ivory and Curtis dictate that the conviction should be reversed.