PER CURIAM.
Augustin Ledo, defendant below, appeals his conviction for trafficking in cocaine. We reverse and remand for a new trial.
Ledo’s principal claim on appeal is that the trial court erred by responding to a question submitted by the jury during deliberations, without advising counsel of the question or the court’s answer. Such action by the trial court constitutes reversible error. Bradley v. State, 513 So.2d 112, 113-14 (Fla.1987); Williams v. State, 488 So.2d 62, 64 (Fla.1986); Curtis v. State, 480 So.2d 1277, 1278-79 (Fla.1985); Ivory v. State, 351 So.2d 26 (Fla.1977). There must therefore be a new trial.
Ledo next contends that his statements to the arresting officer — that the box in the car was a gift — should not have been admitted at trial. Ledo was initially arrested for possession of marijuana after having been lawfully stopped by a police officer. During the search of the car after arresting Ledo, the officer asked appellant about a box in which cocaine was subsequently found. Ledo maintains that his answer, that the box was a gift, should not have been admitted at trial.
It is undisputed that Ledo made the “gift” statement while under arrest. There is, however, a dispute between the officer and the defendant as to whether the “gift” statement was made before or after Ledo was given Miranda[1] warnings, and the officer gave varying accounts. At trial, the officer testified that the “gift” statement was made after Miranda warnings were given. That being so, Ledo’s Miranda-based objection to admission of the statement was correctly overruled. Our ruling is without prejudice to the defendant to renew his objection at the new trial, should it develop that the “gift” statement was made after the initial arrest but before the administration of Miranda warnings. See Berkemer v. McCarty, 468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317 (1984); Rhode Island v. Innis, 446 U.S. 291, 301 n. 5, 100 S.Ct. 1682, 1690 n. 5, 64 L.Ed.2d 297, 308 n. 5 (1980).
*893 Ledo’s other statements to the officer were properly admitted at trial. After Miranda warnings were given, Ledo made a statement to his brother to the effect that the brother should not speak to the officer but should let a lawyer handle the situation later. Despite this comment to his brother, Ledo did not request counsel and then made statements to the officer. We find no merit in appellant’s argument that appellant’s statement to his brother sufficed either to assert Ledo’s own Miranda rights or to create a duty on the part of the officer to inquire further whether Ledo wished to make a statement. See Doyle v. State, 460 So.2d 353, 356 (Fla.1984). We also find no merit in Ledo’s contention that he should have been able to introduce the fact that he had had no prior convictions on the ground that such a showing would demonstrate a lack of sophistication regarding his Miranda rights under the circumstances. See § 90.404, Fla.Stat. (1987); cf. Doyle v. State, 460 So.2d at 356. (It was sufficient that the defendant was capable of understanding the Miranda warnings).
Reversed and remanded for new trial.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).