569 So.2d 433 (1990)
Corey Lynn COLBERT, Petitioner,
v.
STATE of Florida, Respondent.
No. 72244.
Supreme Court of Florida.
October 25, 1990.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen., and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for respondent.
EHRLICH, Justice.
The case of State v. Colbert, 522 So.2d 436 (Fla. 2d DCA 1988), is before us for review because of apparent conflict with Bradley v. State, 513 So.2d 112 (Fla. 1987); Williams v. State, 488 So.2d 62 (Fla. 1986); and Ivory v. State, 351 So.2d 26 (Fla. 1977). We have jurisdiction and approve the decision below. Art. V, § 3(b)(3), Fla. Const.
Corey Lynn Colbert was charged with one count of kidnapping, two counts of sexual battery, and one count of lewd assault on a child. At trial, the jury engaged in lengthy deliberations and on several occasions sent written requests to the court. The jury never announced that it was deadlocked and at one point indicated that it had reached verdicts on more than one count. In its last request, the jury asked the trial court whether it might hear a reading of the transcribed testimony of the victim and of another witness. However, the court reporter who had transcribed this portion of the trial was unavailable, and there was no possibility of her returning until the following Monday. The jury was told of this fact and sent from the courtroom.
At this time, defense counsel moved for a mistrial on all counts. The state countered that the jurors might be told to rely on their memories or agree to recess until Monday when the testimony could be read to them. The jury was returned to the courtroom and asked if it had reached a verdict on any count and, if so, whether it had reached a verdict on more than one count. Jurors responded in the affirmative to both questions. After the jury was sent from the courtroom again, the judge informed counsel that she was inclined to have the jury return the verdicts it had reached and declare a mistrial as to any remaining counts. Defense counsel objected on grounds that the charges were too closely related, while the state argued that each count was distinct and that a partial mistrial was proper. The trial court overruled *434 the defense objection and informed counsel:
So, I'm going to deny the motion for mistrial as to the verdicts that they have reached a decision on and declare a mistrial on those counts that they have not reached a verdict on. Bring the jury in, please.
The trial court then gave the following instruction to the jurors:
So, what I'm going to do is ask you to present the verdicts that you have reached, and it would be my intention to declare a mistrial as to those  that count or those counts that you have not reached a verdict on.

Now, knowing that that is what I intend to do, if you wish to continue deliberations, you may do that. If you do not feel that you could reach a verdict on those matters that you have not reached one on knowing this testimony is not available, then I'm asking you to submit the verdicts that you have to the Court. If you feel that you need to go to the jury room to discuss that, you may do that.
[Jury responded affirmatively.]
(Bracketed material in original; emphasis added.) Defense counsel then renewed the earlier objection and objected to the instruction given and to the fact counsel was "not advised that the Court was going to give the jury this option." The judge never directly ruled on the objection, but gave the following response:
THE COURT: OK. I felt like it was in all fairness the jury should know that, what the Court was going to do, because its their verdict and they haven't, you know submitted it to the Court yet.
[DEFENSE COUNSEL]: Yes, Your Honor.
[PROSECUTOR]: Judge, I think that the Court pretty much gave them an abbreviated Allen[[1]] charge as to any counts or counts [sic] they haven't reached a verdict on.
THE COURT: Yeah, that's what it turned out to be with respect to the one they didn't have the testimony read on.
Four minutes after receiving the charge, the jury returned with verdicts on all four counts. Although the trial court offered to have the jury polled as to which counts had previously been decided and which were left undecided in their last deliberation, defense counsel declined the offer.
On appeal, Colbert challenged what he refers to as the "modified Allen charge" and also argued that by giving this instruction without prior notice to counsel the trial court violated Florida Rule of Criminal Procedure 3.410, which provides:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them. Such instructions shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
Although the district court's precise reasoning is unclear, the court below apparently did not believe that the per se prejudicial error rule employed in connection with violations of the above rule was implicated or that the giving of the so-called "modified Allen charge" resulted in reversible error. We agree.
A short analysis of case history is appropriate in connection with Colbert's claim that the trial judge's failure to notify counsel of her intent to give the precise instruction given resulted in per se prejudicial error. This per se error rule was first recognized in Ivory v. State, 351 So.2d 26, 28 (Fla. 1977), where we held that it is prejudicial error for a trial judge to respond to a request covered under rule 3.410 without counsel being present and having the opportunity to participate in the discussion of the action to be taken on the jury's request. *435 In Ivory, we noted that any communication with the jury outside the presence of the prosecutor, the defendant, and the defendant's counsel is so fraught with potential prejudice that it cannot be considered harmless. Id. This per se reversible error rule evolved as a prophylactic procedure to ensure that a trial judge's response to a jury request for additional instructions or to have testimony read is made in the presence of counsel. In Ivory, we emphasized that the right to be present and to participate includes the right to place objections on the record as well as the right to make full argument as to the reasons the jury's request should or should not be honored. Id.; See also Bradley v. State, 513 So.2d 112, 114 (Fla. 1987) ("Notice is not dispositive. The failure to respond in open court is alone sufficient to find error."). Without this participation process, it is impossible to determine whether prejudice has occurred during one of the most sensitive stages of the trial. Bradley, 513 So.2d at 113. The particular evil rule 3.410 and the per se error standard of Ivory were designed to prevent is the lack of notice to counsel, coupled with the lost opportunity for counsel to argue and to place objections on the record.
Ivory; Bradley; Williams v. State, 488 So.2d 62 (Fla. 1986); and Curtis v. State, 480 So.2d 1277 (Fla. 1985), were all situations in which counsel were not present prior to the trial court's responding to the jury request. Defense counsel were denied the opportunity to argue their positions regarding the jury request. In addition, in Ivory, Williams, and Bradley, counsel were not able to place objections on the record after the jury instructions were given.
Such a situation was clearly not present in this case. The prospective jury instructions were extensively discussed with counsel. Defense counsel fully argued the position that a mistrial on all counts was warranted and objected on the record. After the jury was given the modified instruction, defense counsel properly preserved the issue by objecting on the record. Unlike the above-listed cases, the notice requirement of rule 3.410 was effectively satisfied because counsel had notice, an opportunity to argue, and to object, both before and after the instructions were given. It is therefore the merits of the objection to the instruction which deserve consideration using harmless error principles. Williams, 488 So.2d at 64.
First, we note that it is doubtful that the challenged jury instruction constituted a "modified Allen charge." The instruction was not designed to aid a deadlocked jury to render a unanimous verdict. See, e.g., Kelley v. State, 486 So.2d 578 (Fla.), cert. denied, 479 U.S. 871, 107 S.Ct. 244, 93 L.Ed.2d 169 (1986). The jury never indicated that it was unable to reach a verdict; it had simply requested a reading of transcribed testimony. However, assuming arguendo that it was error to give the instruction, the question remains as to whether such error was prejudicial. See id. at 584-85; State v. Bryan, 290 So.2d 482 (Fla. 1974).
We do not believe that there is a reasonable possibility that the modified instruction affected the verdict. State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986). The modification merely gave the members of the jury the option of either having a mistrial declared on the undecided count or continuing to deliberate on that count. The jury had already heard all relevant testimony and had examined the evidence. The fact that the portion of the record that the jury wanted to review was not available did not dissuade the jury. The jury apparently felt confident enough about the guilt of the defendant relating to the undecided count to return a verdict in a short amount of time after the instruction. Nor do we believe that the modified instruction could be construed in such a manner as to cause a reasonable juror to feel compelled to reach a verdict. See Kelley, 486 So.2d at 584. In fact, under the instruction given, if only one juror felt that he or she could not proceed without examining the record and that juror refused to continue to deliberate on the undecided count, a mistrial would have been declared as to that count.
*436 Finally, it is clear from the record that the jury had reached a decision on three counts prior to the judge's response to the jury request. Even if we were to find reversible error, only the undecided count would be affected. The identity of that count is unknown because defense counsel declined the trial judge's offer to inquire of the jury which counts had previously been decided and which were left undecided in their last deliberation. Having declined the trial judge's offer to poll the jury, Colbert should not now be permitted to profit from this lack of information by receiving a reversal on all counts.
Accordingly, we approve the decision of the district court below.[2]
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD and GRIMES, JJ., concur.
KOGAN, J., dissents with an opinion, in which BARKETT, J., concurs.
KOGAN, Justice, dissenting.
Florida Rule of Criminal Procedure 3.410 expressly provides that "instructions shall be given ... only after notice to the prosecuting attorney and to counsel for the defendant." I fail to see how the holding of the majority honors the spirit or letter of this rule.
As we stated in Bradley, 513 So.2d at 112 (quoting Ivory, 351 So.2d at 28):
"[I]t is prejudicial error for a trial judge to respond to a request from the jury without the prosecuting attorney, the defendant, and defendant's counsel being present and having the opportunity to participate in the discussion of the action to be taken on the jury's request."
(Emphasis added.) This statement clearly contemplates that the attorneys must be given a chance "to participate" in formulating the instruction that will be given. In this regard, the trial court clearly committed error.
I cannot agree with the majority's conclusion that the judge's sua sponte instruction was harmless. Few portions of a trial are more sensitive than those in which the judge addresses the jury regarding its deliberations. A spontaneous statement by a judge at this crucial time could have serious repercussions; and we, as an appellate court, simply have no way of gauging what that effect might have been.
And what evidence we do have suggests that the instruction given in this instance had a quick and certain impact on a jury that only minutes earlier had indicated it wished to deliberate further and hear portions of the transcript. Even if a harmless error analysis is applicable here, I thus cannot conclude that the state has met its burden of proving the error harmless beyond a reasonable doubt.
In any event, I do not agree that harmless error is the proper test to be applied in this instance. In Williams, 488 So.2d at 64, we held that "violation of rule 3.410 is per se reversible error." Accord Curtis v. State, 480 So.2d 1277 (Fla. 1985). The only time harmless error analysis may be applied to violations of this type is when the communication with the jury was "outside the express notice requirements of rule 3.410," Williams, 488 So.2d at 64, such as the court telling jurors that it may not answer their question or grant their request. Bradley, 513 So.2d at 112-14 (note to jury denying their request for new evidence). The communication with the jury in this case fell within the express notice requirements of rule 3.410 precisely because it constituted "additional instructions."
I cannot agree with the majority's conclusion that the trial court's failure to fulfill the notice requirement somehow was cured in this instance. The majority states that the requirement was met "because counsel had notice, an opportunity to argue, and to object, both before and after the instructions were given." Op. at 435. What the majority does not say is that counsel had no notice, and no opportunity to argue or object to this particular instruction until after the trial court already had given it. There simply can be no such thing as retroactive notice.
*437 In giving its sua sponte instruction without prior notice to counsel and the defendant, the trial court committed reversible error. Accordingly, I would quash the opinion below and remand for new trial.
BARKETT, J., concurs.
NOTES
[1] See Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896) (approving special instruction to encourage verdict by apparently deadlocked jury). Standard Jury Instruction in Criminal Cases 3.06 is the authorized jury deadlock instruction.
[2] We find the other issues raised by petitioner to be without merit.