GODERICH, Judge.
The defendant, Gary Lamar Grimes, appeals from his conviction and sentence. We reverse.
In the instant case, the defendant was convicted of burglary of an unoccupied conveyance. During deliberations, the jury sent the trial judge a note requesting a diagram of the crime scene. The trial judge, without consulting counsel, answered stating that no diagram existed and that they would have to rely on the evidence presented at trial.
The defendant cites to Bradley v. State, 513 So.2d 112 (Fla.1987) and contends that it was per se reversible error for the trial judge to respond to a communication from the jury that is covered by Florida Rule of Criminal Procedure 3.410[1] without the *1238 prosecuting attorney and the defendant’s counsel being present and having the opportunity to participate in the discussion of the action to be taken on the jury’s request. In Bradley, the Florida Supreme Court held that a jury’s request to read a police report that was not in evidence was a communication covered by Rule 3.410 and that the trial judge’s failure to consult counsel before responding mandated reversal. Bradley, 513 So.2d at 113-14. We agree with the defendant’s contention and are compelled by Bradley to reverse an otherwise flawless trial.
Although the State suggests that the more recent case of Mendoza v. State, 700 So.2d 670 (Fla.1997), cert. denied, 525 U.S. 839, 119 S.Ct. 101, 142 L.Ed.2d 81 (1998), requires a different result, we disagree. In Mendoza, the Florida Supreme Court concluded that the jury’s communications with the trial judge while having lunch in the same dining area during a recess were outside the scope of Rule 3.410 and that his responses were wholly appropriate. Mendoza, 700 So.2d at 674. Alternatively, the Court reasoned that because the communications were outside the scope of Rule 3.410, harmless error analysis was applicable. Mendoza, 700 So.2d at 674. The Mendoza situation is factually distinguishable because in the instant case the jury’s communication with the trial judge was covered by Rule 3.410.
We reverse and remand for a new trial.
GREEN, J., concurs.

. Florida Rule of Criminal Procedure 3.410 entitled "Jury Request to Review Evidence or for Additional Instructions” provides:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to *1238 them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read to them. The instructions shall be given and the testimony read only after notice to the prosecuting attorney and to counsel for the defendant.