SORONDO, J.
(concurring).
I concur with the majority opinion because it accurately represents the will of my judicial superiors. See Bradley v. State, 513 So.2d 112 (Fla.1987)(reaffirming previous holdings that violation of Rule 3.140 is per se reversible error); Williams v. State, 488 So.2d 62 (Fla.1986); Curtis v. State, 480 So.2d 1277 (Fla.1985); Ivory v. State, 351 So.2d 26 (Fla.1977). However, this case demonstrates why these types of errors should be subject to a harmless error analysis as advocated by Justice Shaw in his concurring opinion in Williams. See Williams, 488 So.2d at 64 (Shaw, J., concurring in result only).
During deliberations, the jury sent out a note which read as follows:
Can we get a diagram of the crime scene, showing streets, direction of the officers [sic] car, flight of the defendant, etc.?
The trial court responded:
There is no diagram in evidence. You must rely on the evidence presented at trial. Please do not destroy these notes as they must be maintained in court file.[2]
The defendant acknowledges that there was no such diagram in evidence. There is absolutely nothing defense counsel or the prosecutor could have added to the Judge’s response. Although the Judge was unquestionably wrong in failing to comply with the notice requirement of Rule 3.410, it is also inconceivable that this response could in any way have harmed *1239 the defendant, who, as the majority observes, received an immaculately fair trial.

. The state argues that this communication did not fall within the meaning of the rule because no testimony was read and no instructions given. It is clear, however, that the Supreme Court of Florida has given the word "instruction,'' as used in Rule 3.410, an expansive meaning. In Bradley, the jury asked: “Can we read the original police report?” In a response remarkably similar to the one in the present case, the trial judge answered: "No. The police report is not in evidence. You have to consider only the matters in evidence.” 513 So.2d at 112. The Court held this communication to be a violation of the rule reasoning that it was, in fact, an instruction. See id. at 113.