PER CURIAM.
In Dixon v. State, 768 So.2d 464 (Fla. 3d DCA 1999), the defendant contended that he was entitled to a new trial because the trial court failed to notify his counsel that the jury had sent a note to the court after they had retired to consider the verdict. The defendant contended that the note implicated Rule 3.410, Florida Rules of Criminal Procedure. Because there was an absence of evidence as to the note’s contents, this Court remanded the cause “for an evidentiary hearing to give the defendant an opportunity to supplement the record with sworn affidavits, testimony and evidence that may shed light as to the contents. Fla. R.App. P. 9.200(f).” Dixon, 768 So.2d at 464-65.
On remand, the trial court conducted two evidentiary hearings. At these hearings, the defense counsel and the assistant state attorney filed affidavits wherein they averred that they did not recall a jury note and that they did not recall addressing any jury question. The bailiff testified that if a note was submitted, he would have taken it to the judge immediately, but that he had no recollection of a note.
The court clerk testified that although she had no specific recollection of a note, *15 she could infer from her standard office procedure that if the clerk’s notes indicated that the “Jurors sent a note to the Court (See Court Exhibit # 1),” there was, in fact, a note. She also inferred, that when the evidence was returned, the note was not there and that is why the court clerk, who had relieved her, crossed it out.
The first juror testified that the foreperson wrote a note asking when the jury was going to eat, that he recalled the note being given to the bailiff, and that the bailiff told him that food would be taken care of later and that they should concentrate on deliberating. The first juror also testified that the jury had verbally asked the bailiff to look at the pictures in evidence but that there was no note regarding this issue.
The second juror testified that she did not recall a note being sent out, but that if they had sent one out, it would have been about seeing pictures in evidence. The third juror testified that he did not recall a note being sent out. The fourth juror testified that he did not remember a note being sent out, but that if there was a note, it would have been about food. The parties stipulated that the fifth juror had no recollection of the note.
The sixth juror, the foreperson, testified that she remembered a note, but had no recollection about what it said. She did, however, recall someone asking about food. She testified that the note did not ask any legal questions or for the court to clarify any point of law.
The parties have now submitted supplemental briefs and transcripts of the evi-dentiary hearings below. The defendant continues to argue that Rule 3.410 is implicated. We agree.
Rule 3.410, entitled “Jury Request to Review Evidence or for Additional Instructions,” provides:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read to them. The instructions shall be given and the testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
(emphasis added).
Further, in Bradley v. State, 513 So.2d 112, 113 (Fla.1987), the Florida Supreme Court gave Rule 3.410 a broad definition. See Grimes v. State, 763 So.2d 1237, 1238 (Fla. 3d DCA 2000) (Sorondo, J., concurring n. 2)(“It is clear, however, that the Supreme Court of Florida has given the word ‘instruction,’ as used in Rule 3.410, an expansive meaning.”).
In the instant case, the jurors’ testimony indicates that there was probably a note, and that it was either about food or about viewing pictures that were in evidence. If the note was about food, Rule 3.410 is not implicated, but if it was about viewing pictures that were in evidence, Rule 3.410 is definitely implicated. Of further concern is the testimony that the bailiff may have orally been asked about viewing pictures that were in evidence and that this request may have not been reported to the trial court. Because the totality of the evidence seems to indicate that there was some jury communication that was covered by Rule 3.410 and that the prosecuting attorney and the defense counsel were not given proper notice, we are compelled by Bradley to reverse the defendant’s conviction and remand this cause for a new trial. Bradley, 513 So.2d at 113-14.
Reversed and remanded for a new trial.
GODERICH and SHEVIN, JJ„ concur.
SORONDO, J., dissents.