MORRIS, Judge.
 

 In his petition alleging ineffective assistance of appellate counsel, Scottie Lee White contends that appellate counsel was ineffective by failing to argue that the trial court committed per se reversible error in responding to the jury’s requests to read back trial testimony without providing notice to defense counsel or providing the defense the opportunity to be heard and participate in the proceedings. We agree, and we grant the petition.
 

 White was convicted after a jury trial of second-degree murder with a firearm. The judgment and sentence were affirmed on direct appeal.
 
 White v. State,
 
 953 So.2d 535 (Fla. 2d DCA 2007) (table decision). During deliberations, the jury requested a readback of the testimony of White’s alibi witness. The trial court complied with the jury’s request. Subsequently, the trial court, again at the request of the jury, read back the testimony of two of the State’s witnesses. Unfortunately, there is no indication in the trial transcript that defense counsel was notified, nor is there any indication that defense counsel or the prosecutor was present at either of the readbacks.
 
 [1]
 
 Furthermore, the transcript does not establish that the trial court at any time during the deliberations informed counsel that it had read back the testimony.
 
 [2]
 

 Florida Rule of Criminal Procedure 3.410 states:
 

 After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read to them. The instructions shall be given and the testimony read only after notice to the prosecuting at
 
 *818
 
 torney and to counsel for the defendant.
 

 Rule 3.410 does not require that the defendant be present in addition to counsel when the trial court responds to a question formulated by the jury during its deliberations.
 
 Meek v. State,
 
 487 So.2d 1058, 1059 (Fla.1986). However, the supreme court holds that rule 3.410 requires more than the mere presence of counsel.
 
 Bradley v. State,
 
 513 So.2d 112, 114 (Fla.1987) (citing
 
 Ivory v. State,
 
 351 So.2d 26, 28 (Fla.1977)). When the trial court responds to a jury request, the defendant has a right, through defense counsel, to participate in the proceedings, and this includes the right to place objections on the record as well as the right to make full argument as to why the jury request should or should not be honored.
 
 Id.
 
 Moreover, the supreme court in
 
 Bradley,
 
 in response to the State’s argument that defense counsel was in fact present during the trial court’s consideration of the jury’s question, held: “ ‘Notice is not dispositive. The failure to respond in open court is alone sufficient to find error.’ ”
 
 Id.
 
 (quoting
 
 Curtis v. State,
 
 480 So.2d 1277, 1278 n. 2 (Fla.1985)). As the supreme court has concluded, “[wjithout this participation process, it is impossible to determine whether prejudice has occurred during one of the most sensitive stages of the trial.”
 
 Colbert v. State,
 
 569 So.2d 433, 435 (Fla.1990). A rule 3.410 violation constitutes per se reversible error.
 
 Bradley,
 
 513 So.2d at 112-13.
 

 Regrettably, in the present case, there is no indication that defense counsel was notified of the jury’s requests for the readbacks of the witnesses’ testimony and the transcript establishes that counsel did not participate in the proceedings when the trial court responded to the jury’s requests. Had appellate counsel argued on appeal that this constituted per se reversible error, we would have been compelled to reverse White’s conviction. The failure to so argue constitutes ineffective assistance of counsel. Because a new appeal would be redundant in this instance, we reverse White’s conviction for second-degree murder with a firearm, vacate his sentence, and remand for a new trial.
 
 See Safrany v. State,
 
 895 So.2d 1145, 1147 (Fla. 2d DCA 2005);
 
 Hernandez v. State,
 
 884 So.2d 281, 282 (Fla. 2d DCA 2004).
 

 Petition granted.
 

 WHATLEY and DAVIS, JJ., Concur.
 

 [1]
 

 . The transcript contains the court reporter's notation that the jury was present but is silent regarding defense counsel and the prosecutor.
 

 [2]
 

 . Where the record shows that defense counsel was informed prior to the jury verdict that the trial court did not follow the strictures of Florida Rule of Criminal Procedure 3.410, defense counsel must object to preserve the error for appellate review.
 
 See Francis v. State,
 
 808 So.2d 110, 130 (Fla.2001);
 
 Thomas v. State,
 
 730 So.2d 667, 668-69 (Fla.1998).