CONFESSION OF ERROR
PER CURIAM.
Appellant contends that the trial court’s ex parte response to a jury request requires reversal of his conviction and that the case be remanded for a new trial. The State confesses error.
After reviewing the record we also find error:
After the jurors have retired to consider their verdict, if they request additional instructions ... [s]aeh instructions shall be given ... only after notice to the prosecuting attorney and to counsel for the defendant.
Rule 3.410, Fla.R.Crim.P.
Here, the trial court answered a jury communication by instructing them:
You are instructed that the only crimes charged have been presented to you and you have the instructions and verdict forms.
Neither the prosecuting attorney nor counsel for the defendant were notified of the exchange.
Any communication with the jury outside the presence of the prosecutor and defense counsel cannot be considered harmless. Ivory v. State, 351 So.2d 26 (Fla.1977); see also Meek v. State, 487 So.2d 1058 (Fla.1986).
Accordingly, we reverse and remand for a new trial.
Reversed and remanded.