COBB, Judge.
During the course of trial, which ultimately resulted in the appellant’s conviction of attempted second degree murder, a juror approached the trial judge during lunch recess *693 and was excused upon the judge’s determination that he was “disoriented.” Neither the appellant nor the state was present at the time of the dismissal. After the recess, an alternate juror was seated and the ease proceeded without objection or motion for mistrial.
On appeal, the appellant contends that the trial court’s unilateral action constituted fundamental error based upon Ivory v. State, 351 So.2d 26 (Fla.1977). In Ivory, the trial judge, in contravention of Florida Rule of Criminal Procedure 3.410, responded to a jury’s request for additional information without notice to, and outside the presence of, the defendant and respective counsel. The court found this ex parte communication to be harmful per se because “any communication with the jury outside the presence of the prosecutor, the defendant, and defendant’s counsel is so fraught with potential prejudice that it cannot be considered harmless.”
We agree with the state that Ivory is readily distinguishable. In that case, a specific rule of criminal procedure was violated and there was an ex parte communication with the deliberating jury panel which decided the case. Neither of these facts is present here. There is no express rule requiring notification to parties prior to a trial court’s dismissal of a juror[1] and, in this case, there was no ex parte communication to any juror that decided the case. The appellant does not suggest on appeal that the trial court lacked a sufficient basis for concluding that the excused juror was disoriented and should be excused, and trial counsel’s failure to object indicates at least tacit approval of the court’s action. We find that this failure to object below waived appellate review of this issue, and that no fundamental error was committed. Davis v. State, 461 So.2d 67 (Fla.1984), cert. denied, 473 U.S. 913, 105 S.Ct. 3540, 87 L.Ed.2d 663 (1985); see also, Harvey v. State, 529 So.2d 1083 (Fla.1988), cert. denied, 489 U.S. 1040, 109 S.Ct. 1175, 103 L.Ed.2d 237 (1989).
AFFIRMED.
HARRIS, C.J., and W. SHARP, J., concur.

. Clearly, however, it is better practice for the trial court to notify the parties prior to dismissal of a juror and to make sure any such action and the reasons for it are adequately reflected in the record.