480 So.2d 1277 (1985)
Hugh Miller CURTIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 65891.
Supreme Court of Florida.
September 26, 1985.
Rehearing Denied January 30, 1986.
James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Jim Smith, Atty. Gen., and Mark C. Menser and Ellen D. Phillips, Asst. Attys. Gen., Daytona Beach, for respondent.
EHRLICH, Justice.
This case is before us because it is in direct conflict with Ivory v. State, 351 So.2d 26 (Fla. 1977).[1]
Curtis was charged and convicted for aggravated assault with a deadly weapon. He was accused of threatening the manager of a motel with a knife. The sole issue before us is based on the following facts stated by the district court:
During its deliberations, the foreman of the jury sent two written questions to the trial judge, viz:

Q: Jury wishes to know if there is a record of plaintiff shouting into the phone, "he's going to stab me."
Q: Can we accept that statement as evidence?
On the same sheet of paper, filed in open court and made part of the record, the trial judge responded:
A. Members of the jury: Your decision in this case will have to be based solely on the evidence presented in the trial itself  This evidence consists of the testimony of the witnesses and the photographs only. As to the testimony, you will have to consider all of it and you may accept or reject all or part of any witness's statement depending upon its credibility or lack of credibility when considered or compared with all of the other evidence.
Curtis v. State, 455 So.2d 1090, 1091 (Fla. 5th DCA 1984).
Florida Rule of Criminal Procedure 3.410 requires:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them. Such instructions shall be given and such testimony read only after notice to the *1278 prosecuting attorney and to counsel for the defendant.
The record in this case fails to show compliance with the procedure of rule 3.410.[2] The district court resolved this silence by assuming no such procedure was followed. Based on this assumption, the district court concluded that, while the safer course of action would have been to follow the procedure of rule 3.410, the nature of the trial court's response to the questions, characterized as a refusal to answer, did not violate the rule. In other words, according to the district court, a refusal to answer is not within the scope of the rule.
This is an incorrect conclusion. We explained the operation of rule 3.410 in Ivory:
[I]t is prejudicial error for a trial judge to respond to a request from the jury without the prosecuting attorney, the defendant, and defendant's counsel being present and having the opportunity to participate in the discussion of the action to be taken on the jury's request. This right to participate includes the right to place objections on the record as well as the right to make full argument as to the reasons the jury's request should or should not be honored.
351 So.2d at 28 (emphasis added).
The "response" contemplated by Ivory, vis-a-vis "instructions," encompasses more than merely rereading some or all of the original instructions, or the giving of additional instructions from the Florida Standard Jury Instructions (Criminal). The procedural mandates of rule 3.410 apply when any additional instructions are requested.
"Additional instructions" are defined thusly: "If during the course of deliberations the jury is unclear about a particular point of law or aspect of the evidence it may request the court for additional or supplementary instructions." Black's Law Dictionary 769 (rev. 5th ed. 1979). A "jury instruction" is a "direction given by the judge to the jury concerning the law of the case." Id. Obviously, the trial judge's response in this case was an "instruction," a "direction ... concerning the law of the case" in response to a question about an "aspect of the evidence"  in short, the trial judge gave additional instructions to the jury without complying with rule 3.410.
Ivory dictates reversal. The state urges us to recede from Ivory's per se rule and adopt a harmless error standard. However, the considerations which led us to conclude that per se reversal was appropriate in 1977, when we decided Ivory, remain just as vital today.
We explained the reason for strict compliance with rule 3.410 in Ivory, 351 So.2d at 28 (quoting from Slinsky v. State, 232 So.2d 451, 452 (Fla. 4th DCA 1970)):
[T]he trial court, faced with [a request to have testimony read], should have advised counsel of it and re-convened court with defendant in attendance.... This would afford counsel an opportunity to perform their respective functions. They could advise the court, object, request the giving of additional instructions or the reading of additional testimony, and otherwise fully participate in this facet of the proceeding.
We agree. Any communication with the jury outside the presence of the prosecutor, the defendant, and defendant's counsel is so fraught with potential prejudice that it cannot be considered harmless.
The state urges that when the record is adequate to show lack of prejudice, reversal should not be required. However, regardless of whether the record is preserved, either by a court reporter or, as in this case, by virtue of the fact that the court's response was preserved in the record in a writing, the state and defendant *1279 have been deprived of the right to discuss the action to be taken, including the right to object and the right to make full argument. As the written response in this case demonstrates, even a refusal to answer questions frequently will require something more than a simple "no," and both the state and the defendant must have the opportunity to participate, regardless of the subject matter of the jury's inquiry. Without this process, preserved in the record, it is impossible to determine whether prejudice has occurred during one of the most sensitive stages of the trial.
We reaffirm the viability of Ivory and conclude with the words of Justice England:
The rule of law now adopted by this Court is obviously one designed to have a prophylactic effect. It is precisely for that reasons that I join the majority. A "prejudice" rule would, I believe, unnecessarily embroil trial counsel, trial judges and appellate courts in a search for evanescent "harm," real or fancied.
Ivory, 351 So.2d at 28 (England, J., concurring).
Accordingly, we quash the decision of the district court and remand for further proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON and SHAW, JJ., concur.
McDONALD, J., dissents.
NOTES
[1] The conflict arises because the district court attempted to avoid the per se rule of Ivory by distinguishing the facts. The facts are indistinguishable, therefore failure to apply the per se rule conflicts with Ivory. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
[2] At oral argument before this Court, petitioner's counsel stated that there was some indication that trial counsel had actual notice of the questions from the jury, but that this did not come to light until after the decision of the district court. Petitioner's counsel asked this court to remand for a supplemental hearing should we determine that actual notice was dispositive. Notice is not dispositive. The failure to respond in open court is alone sufficient to find error.