NIMMONS, Judge.
Defendants Michael Wayne Lyons and Frank Saskas were tried before a jury on two counts of first degree murder and found guilty of manslaughter on both counts. We affirm the convictions.
As is typical with shooting incidents occurring in or around bars and taverns, the eyewitness accounts of the incident varied somewhat from witness to witness. However, the state, as appellee, is entitled to a view of any conflicting evidence in the light most favorable to the jury’s verdict. 3 Fla.Jur.2d Appellate Review, § 344; Sellers v. State, 212 So.2d 659 (Fla.3d DCA 1968); Land v. Patroni, 214 So.2d 94 (Fla.1st DCA 1968). From the evidence presented, the jury was entitled to find both defendants guilty of manslaughter. We therefore reject appellants’ arguments regarding the sufficiency of the evidence to sustain the convictions.
Another point urged by appellants relates to the following questioning by the prosecutor during jury selection:
[Prosecutor]: Do you know Mike Lyons?
[Venireman]: No, sir.
[Prosecutor]: How about Frank Saskas?
[Venireman]: kas. Yes, sir, I know Mr. Sas-
[Prosecutor]: Saskas? How do you know Mr.
[Venireman]: I operated a service station here about two years ago, and he did some mechanic’s work for me.
[Prosecutor]: Would the fact that you know him, would you tend to believe *305 him more simply because you know him?
[Venireman]: No, sir.
[Defense Counsel]: May we approach the bench?
The trial court denied the defendant’s motion for mistrial and request for a curative instruction. Appellants argue that the prosecutor’s last question is fairly susceptible of being interpreted as a comment upon the defendants’ possible future failure to testify.
Even if the above questions might have been interpreted by the venireman as a comment upon the defendants’ possible future failure to testify instead of as a reference to the venireman’s prior contact with Saskas, we find such question to be harmless beyond a reasonable doubt. See State v. Marshall, 476 So.2d 150 (Fla.1985); State v. Kinchen, 490 So.2d 21 (Fla.1985).
Appellants also complain of a colloquy between the foreman of the jury and the judge outside the presence of counsel. It seems that the colloquy occurred in the courtroom while court was in recess awaiting the jury’s verdict. The judge was in the courtroom and the bailiff informed him that the foreman wished to speak with him. The foreman appeared at the jury room doorway and told the judge that the jury would like to hear again the elements of the charges of first degree murder, second degree murder, and manslaughter. The foreman asked, “Would we have to hear it all?” The judge said, “I would have to give justifiable use of deadly force ...” The judge immediately summoned counsel, informed them of the jury’s request, and invited counsels’ suggestions for response. Defense counsel moved for a mistrial based upon the above communication. The motion was denied and the jury was instructed in a manner satisfactory to the parties.
Appellants rely upon the well-settled principle of law that the giving of an “additional instruction,” within the meaning of Fla.R.Crim.P. 3.410, is per se reversible error where such instruction is given without notice to counsel as required by Rule 3.410. Curtis v. State, 480 So.2d 1277 (Fla.1985). However, the term “additional instruction,” does not encompass all communications of the court to the jury. In Curtis, the Court adopted the Black’s Law Dictionary definition.
“Additional instructions” are defined thusly: “If during the course of deliberations the jury is unclear about a particular point of law or aspect of the evidence it may request the court for additional or supplementary instructions.” Black’s Law Dictionary 769 (rev. 5th ed. 1979). A “jury instruction” is a “direction given by the judge to the jury concerning the law of the case.” Id.
Curtis, supra. To construe the trial court’s innocuous remark in the instant case as a Rule 3.410 “additional instruction” requiring a mistrial would, we think, be the ultimate in exhalting form over substance. In Hitchcock v. State, 413 So.2d 741, 742 (Fla.1982), the trial judge responded to the question “Is it required that we recommend death penalty or life at this time?” The judge sent back the message “You should not consider any penalty at this time, only guilt or innocence.” The Supreme Court held that this communication did not fall within the scope of Fla.R. Crim.P. 3.410. We view the subject communication as being of similar ilk.
We have examined the remaining points urged by appellants and find them to be without merit.
AFFIRMED.
BOOTH, C.J., concurs.
ZEHMER, J., dissents with written opinion.