ZEHMER, Judge,
dissenting.
I respectfully dissent. I would hold that the communications between the judge and the jury foreman out of the presence of counsel and not on the record constitutes reversible error under the Supreme Court’s recent holding in Curtis v. State, 480 So.2d 1277 (Fla.1985). Quoting from Ivory v. State, 351 So.2d 26 (Fla.1977), the Supreme *306 Court reiterated the operation of Florida rule of criminal procedure 3.410 in the following language:
‘[I]t is prejudicial error for a trial judge to respond to a request from the jury without the prosecuting attorney, the defendant, and defendant’s counsel being present and having the opportunity to participate in the discussion of the action to be taken on the jury’s request. This right to participate includes the right to place objections on the record as well as the right to make full argument as to the reasons the jury’s request should or should not be honored.’
351 So.2d at 28 (emphasis added).
The ‘response’ contemplated by Ivory, vis-a-vis ‘instructions,’ encompasses more than merely rereading some or all of the original instructions, or the giving of additional instructions from the Florida Standard Jury Instructions (Criminal). The procedural mandates of rule 3.410 apply when any additional instructions are requested.
480 So.2d at 1278. It is important to note that the Supreme Court in Curtis expressly declined the state’s invitation to recede from the error per se rule in Ivory and adopt the harmless-error standard for such communication, stating: “Any communication with the jury outside the presence of the prosecutor, the defendant, and defendant’s counsel is so fraught with potential prejudice that it cannot be considered harmless.” 480 So.2d at 1278.
I cannot agree that the communications between the judge and the jury foreman in this instance, which were not made on the record, are beyond the ambit of the Curtis decision. Accordingly, I would reverse and remand for a new trial on this ground.
Additionally, I dissent from the majority’s affirmance of the sufficiency of the evidence to support the conviction of defendant Saskas. In my opinion, the record evidence was insufficient to sustain the finding of guilt. Although Saskas, after returning home and observing the violent argument by persons situated between Sas-kas’ house and the Sweetwater Bar, obtained the rifle from his house and fired a warning shot into the air, in an unsuccessful attempt to stop the argument, he did not shoot at any individual or in the direction of any individual; rather, defendant Lyons grabbed the gun from Saskas and shot twice at two persons involved in the fracus, killing them. Under the circumstances shown in the record, I do not view the evidence as sufficient to attach criminal responsibility to Saskas for the shooting by Lyons. Accordingly, I would reverse the conviction of Saskas for manslaughter.