LEHAN, Judge.
Defendant appeals from the trial court’s denial of defendant’s motion for a new trial, contending that reversible error occurred when during the jury’s deliberations the court communicated with the jury without the presence of, or notice to, defense counsel. We affirm.
Defendant was being tried on charges of burglary and aggravated assault. During the jury’s deliberations the jury advised the trial judge, through the bailiff, that the jury had a question regarding the burglary charge. The nature of the question was not given. The judge responded, through the bailiff, that the jury would have to rely upon its memory. No record was made of either communication. The jury returned a verdict of not guilty on the burglary charge and guilty on the aggravated assault charge.
The communications having concerned the burglary charge on which defendant was found not guilty, we conclude that the error in communicating with the jury without the presence of, or notice to, defense counsel was harmless. We do not conclude that Williams v. State, 488 So.2d 62 (Fla.1986), which involved a trial on only one charge of which defendant was convicted, requires otherwise. Cf. Hitchcock v. State, 413 So.2d 741 (Fla.), cert. denied, 459 U.S. 960, 103 S.Ct. 274, 74 L.Ed.2d 213 (1982).
Affirmed.
DANAHY, C.J., and SCHOONOVER, J., concur.