SCHEB, Acting Chief Judge.
Codefendants George Porr and Eva Fir-ios were convicted by a jury on various drug charges including conspiracy to traffic and trafficking in cocaine. On appeal, they raise two arguments, the first being that the trial court erred in denying their motion for mistrial after it was discovered there had been communications between the judge and the jury without counsels’ knowledge or participation. We agree.
During its deliberations, the jury sent out written questions asking the make of a car involved in the crimes and how Defendant Porr got to work on a specific day. Without notifying the prosecutor and defense counsel of the jury’s communication, the judge sent the bailiff to tell the jurors they would have to recall these facts from their own memories.
We must agree with the defendants that Florida Rule of Criminal Procedure 3.410 was violated:
*945 After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them such additional instructions or may order such testimony read to them. Such instructions shall be given and such testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
(Emphasis added.)
We cannot accept the state’s argument that the factual questions the jury asked were not requests for additional instructions or to have additional testimony read to them. In Curtis v. State, 480 So.2d 1277 (Fla.1985), the jury asked a specific factual question regarding whether there was record corroboration for a witness’s statement. There, as here, the judge responded to the jurors that they had to base their decision on the evidence. The judge’s failure to notify counsel was held to be reversible error. The court specifically stated that any “ ‘direction ... concerning the law of the case’ in response to a question about an aspect of the evidence” constitutes an additional instruction. Id. at 1278 (emphasis added).
We think the factual questions the jury asked in the instant case were “questions about an aspect of the evidence,” equivalent to requests for testimony to be reread. Thus, the jury’s questions fall within the scope of Rule 3.410. The supreme court has held that any violation of Rule 3.410 is per se reversible. Williams v. State, 488 So.2d 62, 64 (Fla.1986); Curtis. Accordingly, the trial court should not have responded without counsels’ knowledge, and we must reverse Porr’s conviction without conducting a harmless error analysis.[1]
The only remaining question is whether this reversible error mandates a new trial only for Porr on certain counts or for both Porr and Firios on all counts. The state argues that error, if any, was isolated in that the questions seemed to focus solely on Porr’s actions on June 19. Thus, the state urges that Porr’s convictions relating to drug transactions occurring on any other date and Firios’s convictions should be unaffected. We cannot agree.
It appears that error can be segregated in the manner the state suggests. See Norton v. State, 516 So.2d 1078 (Fla. 2d DCA 1987), review denied, 523 So.2d 578 (Fla.1988) (error within the scope of Rule 3.410 considered harmless because it applied only to a burglary charge, of which Norton was acquitted, not to his aggravated assault conviction). However, absence of prejudice must be shown beyond a reasonable doubt. DiGuilio v. State, 491 So.2d 1129 (Fla.1986). Here, the defendants were convicted of conspiring to traffic with, among other people, each other on two dates two days apart. Given the temporal proximity of the transactions in all counts, the nature of the charges, and the fact that both codefendants were allegedly involved in all the events, we cannot say beyond a reasonable doubt that the error in responding to questions about Porr’s activities on June 19 did not prejudice him on other counts and did not prejudice Firios.
In light of our disposition of the first issue, the defendants’ second issue, regard *946 ing a tax lien and investigative costs assessed against them, is moot.
Accordingly, we reverse and remand for a new trial on all counts as to both defendants.
LEHAN and ALTENBERND, JJ., concur.

. Although we obey Williams and Curtis in this case, we would note that the specific facts of this case do not in our view require a rule of per se harmful error. The instruction which the judge gave to this jury without notice to counsel is a correct instruction. If the attorneys had been notified, it is probable that they would have agreed to this instruction. Even if the attorneys had objected, it appears that the trial court would have been within its discretion to have given this common instruction. The jury, of course, was sequestered in the jury room and never knew who participated in the decision to give them this brief additional instruction. We cannot perceive any significant possibility that this error actually affected the jury’s deliberations or its verdict. In our view, the rule of per se harmful error should be reserved for procedural errors that could affect the trial’s outcome under some reasonable circumstances, when the harmful effect cannot be assessed reliably from the appellate record. See generally Arizona v. Fulminante, — U.S. --, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); Rushen v. Spain, 464 U.S. 114, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983).