' ERVIN, Judge.
Appellant, Nathaniel Woods, Jr., appeals his conviction for sexual battery of a child. We reverse and remand for new trial, for the reason that the trial court answered a question submitted by the jury without first consulting with counsel, in violation of Florida Rule of Criminal Procedure 3.410.[1] As a result of our disposition, we do not reach Woods’ additional issues.
Shortly after the jury had retired to deliberate, the bailiff informed the court that the jurors had a question. The jury eventually returned to the courtroom, at which time a juror asked the court for a transcript of a portion of the expert witness’s testimony. The record fails to reveal that the court consulted with counsel at any time before it denied the jury’s request; instead it explained to the jurors that they were required to rely upon their own memories of the testimony. After the jury again retired to deliberate, defense counsel asked the court to reconsider its decision and to read back a portion of the expert’s testimony to the jury. The judge denied that request, stating that he would not comment on the testimony of a *768 witness and that the jurors should rely on their own memories.
Woods now complains on appeal that the lower court committed reversible error by failing to consult counsel before responding to the jury. We agree. We consider that the situation at bar is controlled by rule 3.410, and supreme court case law which holds that violation of the rule as to communications specifically encompassed in the rule constitutes per se reversible error.
In Ivory v. State, 351 So.2d 26 (Fla.1977), the supreme court held that it is per se reversible error for a trial court to respond to a question from the jury without first giving counsel prior notice and the opportunity to discuss the action the court will take on the jury’s request and to allow counsel to place objections on the record. Id. at 28. In Williams v. State, 488 So.2d 62 (Fla.1986), the court emphasized that the per-se reversible-error rule applies only to communications encompassed by rule 3.410, and that other communications between the judge and the jury are subject to a harmless-error analysis. Id. at 64.
The court has determined that requests for additional instructions are encompassed by rule 3.410, and that a court’s violation of the rule with respect to requests for all or a portion of the jury instructions is per se reversible error. See id.; State v. Franklin, 618 So.2d 171, 173 (Fla.1993). In Curtis v. State, 480 So.2d 1277 (Fla.1985), the court stated that a trial court’s response to a jury question about an aspect of the evidence constitutes an “additional instruction;” therefore the jury’s question about the context of a witness’s testimony was covered under rule 3.410. Id. at 1278. In so doing, the court noted:
As the written response in this case demonstrates, even a refusal to answer questions frequently will require something more than a simple “no,” and both the state and the defendant must have the opportunity to participate, regardless of the subject matter of the jury’s inquiry. Without this process, preserved in the record, it is impossible to determine whether prejudice has occurred during one of the most sensitive stages of the trial.
Id. at 1279. See also Bradley v. State, 513 So.2d 112,113 (Fla.1987) (trial court’s refusal of jury request to read police report because it was not in evidence was an instruction about an aspect of the evidence).
As in Curtis, the jury in the case at bar made a request concerning the content of the expert witness’s testimony, indicating that it was unclear about an aspect of the evidence. We consider the court’s negative response to the jury to be an additional instruction contemplated by rule 3.410. Under the circumstances, the trial court’s failure to comply with the rule by not allowing counsel an opportunity to object and comment on the court’s response to the jury inquiry prior to ruling thereon constitutes per se reversible error, requiring the granting of a new trial. Curtis, Franklin, Bradley, Williams.
In so saying, we reject the state’s claims that Woods did not preserve this issue, because he did not specifically object to the court’s failure to hold a discussion. We conclude that appellant interposed a sufficient objection when his attorney asked the court to reconsider and to read back the portion of the testimony the jury had requested. In fact, it was only after the jury had retired to deliberate further that counsel was given an opportunity to place his objections on the record to the court’s denial of the jury’s request. In Mills v. State, 620 So.2d 1006 (Fla.1993), the trial court responded to a question from the jury, and only afterward gave counsel an opportunity to present argument and objections. The supreme court reversed, noting,
There is a substantial difference between allowing discussion before the question is answered and allowing discussion after the question is answered and the jury is sent back to deliberate. It is unrealistic to believe a judge would be equally willing to encompass defense counsel’s suggestions in both situations, and it is impossible to tell how the judge would have reacted to counsel’s suggestions had they been made before the question was answered.
Id. at 1008.
Although the defendant in Mills specifically objected to the court’s failure to follow *769 proper procedure, we think the language quoted above is instructive. The purpose of a specific objection is to direct the trial court’s attention to the purported error in a way that would permit the court to correct the error in a timely fashion. Castor v. State, 365 So.2d 701 (Fla.1978). It is unrealistic to believe that an objection more specifically directed toward the court’s failure to comply with rule 3.410 would have been any more effective than was Woods’ request to the court to reconsider and read the expert’s testimony to the jury.
REVERSED and REMANDED for new trial.
JOANOS, J., concurs.
WOLF, J., concurs in result only.

. Rule 3.410 provides:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read to them. The instructions shall be given and the testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
(Emphasis added.)