652 So.2d 1213 (1995)
Denise Yount HUMBLE, Appellant,
v.
STATE of Florida, Appellee.
No. 93-1997.
District Court of Appeal of Florida, First District.
March 29, 1995.
Nancy A. Daniels, Public Defender, Carl S. McGinnes, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Sonya Roebuck Horbelt, Asst. Atty. Gen., Office of Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR REHEARING AND CLARIFICATION
ERVIN, Judge.
On appellant's motion for rehearing and certification, we withdraw our opinion and substitute the following. We deny appellant's motion.
Denise Humble appeals her conviction of second-degree murder, contending that the trial court erred in declining to qualify a defense witness as an expert regarding battered-spouse syndrome and in reinstructing the jury on the offenses of second-degree murder and manslaughter without first consulting counsel for the parties. We affirm.
Humble stabbed and killed her husband on September 5, 1992, and asserted the battered-spouse syndrome as a defense.[1] At trial, the defense sought to qualify Joan Wilson as an expert witness for the sole purpose of describing the syndrome to the jury, but not to give her opinion concerning whether appellant was suffering from the syndrome when she killed her husband. Wilson has 17 years experience working in the field of domestic violence, operating shelters and domestic-violence programs, and has attended and taught numerous workshops on spouse abuse. She has a bachelor's degree in music, *1214 however, and no formal education in the field of mental health. The trial court concluded that Wilson's administrative experience in planning and operating domestic-violence programs was extensive, but that her lack of academic training in the disciplines of psychology or mental health, or clinical experience involving the study, treatment or diagnosis of battered-wife syndrome rendered her unqualified to describe the syndrome to the jury.[2] We agree that the trial court properly exercised its discretion by concluding that Wilson's experience was insufficient to enable her to "assist the trier of fact in understanding the evidence or in determining a fact in issue." § 90.702, Fla. Stat. (1991).
Appellant failed to preserve her second issue regarding the court's reinstruction for appellate review. Although the trial court erred by failing to reinstruct the jury on justifiable and excusable homicide when the jury requested reinstruction on manslaughter, defense counsel did not object either before or after the judge responded, and such error is not considered fundamental when it occurs during a reinstruction. Castor v. State, 365 So.2d 701 (Fla. 1978); McGee v. State, 570 So.2d 1079 (Fla. 3d DCA 1990), review denied, 582 So.2d 623 (Fla. 1991). Moreover, pursuant to our directions, the trial court conducted an evidentiary hearing during the pendency of this appeal and concluded that both parties' counsel were in the courtroom when the court reinstructed the jury; thus appellant had the opportunity to object. See Mills v. State, 620 So.2d 1006 (Fla. 1993) (counsel objected after court responded to jury question); Woods v. State, 634 So.2d 767 (Fla. 1st DCA 1994) (counsel preserved issue by asking court to reconsider its response to jury question).
AFFIRMED.
MINER and WOLF, JJ., concur.
NOTES
[1] In Rogers v. State, 616 So.2d 1098 (Fla. 1st DCA), approved in part, quashed in part, 630 So.2d 177 (Fla. 1993), this court and the supreme court held that battered-spouse syndrome has gained general acceptance in the relevant scientific community as a matter of law. In the Rogers opinion below, this court stated that the "relevant scientific community" is the psychological community. Rogers, 616 So.2d at 1099. Accord Bechtel v. State, 840 P.2d 1, 7 (Okla. Crim. App. 1992).
[2] In contrast, James Beller, a psychotherapist who did qualify as an expert, testified in much greater detail than did Wilson about different aspects of the syndrome, incorporating the results of the tests he performed on Humble and his knowledge of other psychological conditions when describing the different symptoms she exhibited.