ON MOTION FOR REHEARING
STONE, Judge.
We grant Appellant’s motion for rehearing, withdraw our opinion of May 24, 1995, and republish the opinion as follows:
Pursuant to jury verdict, Appellant was convicted on two counts of aggravated assault with a firearm and one count of carrying a concealed firearm. The trial court record contains a piece of paper, signed by a juror, requesting a “definition of aggravated assault.” There is no indication in the record how that paper came to be placed in the file, whether the court responded to it, or even whether it ever came to the court’s attention.
Appellant contends that the simple discovery, apparently incident to counsel preparing the appeal, of the paper in the court file mandates per se reversal as a violation of Florida Rule of Criminal Procedure 3.410. See, e.g., Ivory v. State, 351 So.2d 26 (Fla. 1977); Curtis v. State, 480 So.2d 1277 (Fla. 1985). However, it would be sheer speculation to conclude that the court ever saw the note or responded to it, with or without consulting with counsel. We note that to this date there is no indication, such as by motion for new trial, that trial counsel ever asserted that there was any improper communication or failure to communicate by the court. Neither does appellate counsel make such an outright assertion other than by way of speculation.
We also note that the record reflects that written instructions, with typographical errors “cleaned up,” were delivered to the jury with the consent of the defense. Not only was no objection raised to the instructions, but apparently defense counsel delivered them to the bailiff to give to the jury. Nor was any objection raised at trial or on appeal concerning the court’s charge on aggravated assault. No request has been made that we relinquish jurisdiction to establish a record pursuant to rule 9.200(b)(4), Florida Rules of Appellate Procedure. The entire issue on appeal arises solely by virtue of the paper discovered in the record and the diligence of appellate counsel in raising the issue.
Finding all cited caselaw inapposite, and finding no error as to any issue raised, the judgment and sentence are affirmed.
GLICKSTEIN and FARMER, JJ., concur.