W. SHARP, Judge,
concurring specially:
Although I agree that this ease should be affirmed, I write to express my view on the issue of whether the trial judge erred by not admitting evidence concerning the “child breath-holding” syndrome. Eichelberger was convicted of aggravated child abuse[1] in the death of her two-year old son, Matthew, after he received a severe blow to his head.
The state’s theory was that Eichelberger had inflicted the blow. Her testimony was that her son was the victim of a condition known as the “breath-holding” syndrome. Other witnesses in addition to Eichelberger testified that Matthew would occasionally hold his breath and pitch his body forward, throwing his body on the floor. Eiehelber-ger testified that she spanked Matthew with a strap in an effort to toilet train him. As he was walking between his bedroom and the *1026 bathroom, Matthew held his breath and fell backwards, hitting his head on the floor.
The medical opinions as to whether Matthew was an abused child were in conflict, but there was testimony that Eichelberger was a good mother. At the trial Eichelber-ger sought to have Kathleen Killevy, the parent of a child with the breath-holding syndrome, testify. Killevy was a registered nurse and an attorney. She testified that her two year old son had the same breath-holding syndrome, and when asked what kind of injuries her child could or had inflicted on himself as a result of breath holding, the state objected on the grounds of relevancy. The defense told the court that the purpose of her testimony was to inform the jury what happens to her child with this syndrome, when he held his breath to the point of passing out.
It appears that no court has addressed the issue of whether the breath-holding syndrome is admissible as a defense in a criminal case. It is not necessary to rule on this question in this appeal because, at a minimum, it would be incumbent on the part of the defense to establish, by medical or scientific testimony, initially that such a syndrome exists.[2] No such proffer was made here.
However, had such a proffer been made, I think Killevy’s testimony concerning her personal observations of her own child with the same syndrome would have been relevant to show how serious an injury a child suffering from this syndrome can inflict on himself or herself.[3] Because of her training as a nurse, and mother who has raised such a child, she might even have been qualified as an “expert” witness to so testify.

. § 827.03(l)(a), Fla.Stat. (1993).

. See, e.g., cases on the battered spouse syndrome. State v. Hickson, 630 So.2d 172 (Fla.1993); Humble v. State, 652 So.2d 1213 (Fla. 1st DCA), rev. denied, 659 So.2d 1087 (Fla. June 23, 1995); Ward v. State, 519 So.2d 1082 (Fla. 1st DCA 1988); Hawthorne v. State, 470 So.2d 770 (Fla. 1st DCA 1985).

. If Killevy's opinion as a lay witness with respect to the ability of a child with this syndrome to injure himself, it may have been admissible under section 90.701. A lay witness' testimony is admissible if based upon personal knowledge, and the extent of the witness' knowledge affects the weight of the testimony and not its admissibility. Hawkins v. State, 626 N.E.2d 436 (Ind. 1993). See also Cruse v. State, 588 So.2d 983 (Fla.1991), cert denied, 504 U.S. 976, 112 S.Ct. 2949, 119 L.Ed.2d 572 (1992). It is admissible when it is within the ken of an intelligent person with a degree of experience. Peacock v. State, 160 So.2d 541, 542-543 (Fla. 1st DCA), cert. denied, 168 So.2d 148 (Fla.1964), cert. denied, 381 U.S. 916, 85 S.Ct. 1541, 14 L.Ed.2d 436 (1965). A lay witness' opinion testimony is admissible where facts could not otherwise be adequately presented or described to a factfinder in such a way as to enable the factfinder to form an opinion or reach an intelligent conclusion. People v. Novak, 163 Ill.2d 93, 205 Ill.Dec. 471, 643 N.E.2d 762 (1994).