697 So.2d 571 (1997)
James McGLYNN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1953.
District Court of Appeal of Florida, Fourth District.
July 30, 1997.
Rehearing, Certification of Question, and Clarification Denied September 12, 1997.
Hilliard E. Moldof and Nancy C. Wear, Fort Lauderdale, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
DONNER, AMY STEELE, Associate Judge.
By a jury verdict rendered on May 22, 1996, defendant was found guilty of aggravated battery. Defendant's sole argument on appeal is that the trial court erred in responding to a jury question while the jury was deliberating, without first offering counsel an opportunity to offer a proposed answer or raise objections. We agree and reverse.
According to Florida Rule of Criminal Procedure 3.410:
After the jurors have retired to consider their verdict, if they request additional instructions... they shall be conducted into the courtroom by the officer who has them *572 in charge and the court may give them the additional instructions.... The instructions shall be given and the testimony read only after notice to the prosecuting attorney and to counsel for the defendant.

(Emphasis supplied).
In Mills v. State, 620 So.2d 1006 (Fla. 1993), our supreme court concluded that:
The right to participate, set forth in Ivory,[1] includes the right to place objections on the record as well as the right to make full argument as to why the jury request should or should not be honored.... The particular evil rule 3.410 and the per se error standard of Ivory were designed to prevent is the lack of notice to counsel, coupled with the lost opportunity for counsel to argue and to place objections on the record.

Based on the record before us, we conclude that the trial court responded to the jury's question before giving defense counsel any meaningful opportunity to have input on the court's response. As such error is per se reversible, we give no consideration as to whether it may be harmless.
We take this opportunity to inform the trial court that a better practice before allowing the jury to return to the courtroom would be to allow counsel for both sides to have an opportunity to express their concerns or provide input in the court's contemplated response to the jury's questions. Also, giving the jury a written copy of the jury instructions would have obviated this appeal. We encourage trial courts to seek input from attorneys prior to responding to a jury's question as this judge has previously been instructed. See Jenkins v. State, 688 So.2d 422 (Fla. 4th DCA 1997); Aljak v. State, 681 So.2d 896 (Fla. 4th DCA 1996); see also Meyer v. Singletary, 610 So.2d 1329 (Fla. 4th DCA 1992).
WARNER and FARMER, JJ., concur.
NOTES
[1] Ivory v. State, 351 So.2d 26 (Fla.1977).