SHAHOOD, Judge.
Appellant, Delvin Woods, appeals his conviction and sentence for the offense of attempted second degree murder. One of the issues raised by appellant is whether the trial court erred in responding to a question asked by the jury during deliberation, without first giving “notice to the prosecuting attorney and to counsel for the defendant,” as required by Rule 3.410, Florida Rule of Criminal Procedure. We reverse and remand for a new trial because the trial court responded to a jury question without first consulting counsel.
In this ease, after the jury retired to consider their verdict, the following took place:
The Court: We’ll be in recess until the jury returns okay.
(Thereupon a break was taken, after which the following proceedings were had:) [Bailiff]: They have a question.
The Court: May we have a copy of the statute for each charge? Just write a no on there. I will show both sides. Thank you.
[Bailiff]: Thank you.
Rule 3.410, Florida Rule of Criminal Procedure provides as follows:'
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read to them. The instructions shall be given and the testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
(Emphasis supplied).
In Williams v. State, 488 So.2d 62 (Fla.1986), the Florida Supreme Court held that a trial court’s failure to afford the state and the defense notice and opportunity to heard on a jury’s request for a copy of instructions was per se reversible error. The court explained that rule 3.400(e) permits the jury, at the discretion of the judge, to take to the jury room a copy of the jury instructions. 488 So.2d at 63. The assumption underlying that rule is that both the state and the defendant will be present at the time the judge directs the material to be taken and may be heard. See id. However, rule 3.410 is more explicit. That rule provides that if the jury requests additional instructions or to have testimony read to them, after it retires to consider its verdict, such instructions or testimony will be given in open court and only after notice to the both state and the defense. See id.
*1186 The Williams court considered two certified questions: (1) -whether a trial judge’s denial of a jury request for a copy of instructions is within the notice requirements of rule 3.410; and (2) whether Ivory v. State, 351 So.2d 26 (Fla.1977), precludes a harmless error application to a trial court’s denial of a jury request for a copy of instructions during deliberations, without notice to counsel. See id. at 63. The court answered both questions in the affirmative.
As to the first question, the court held that while the judge had the discretion to deny the jury’s request for a copy of instructions under rule 3.400, the request was for additional instructions, and thus, under rule 3.410, the state and defense should have been notified. See id. at 64. “Additional instructions” was defined as follows: “If during the course of deliberations the jury is unclear about a particular point of law or aspect of the evidence it may request the court for additional or supplementary instructions.” See Curtis v. State, 480 So.2d 1277, 1278 (Fla.1986). A “jury instruction” is a “direction given by the judge to the jury concerning the law of the case.” Id.
As to the second question, the court reaffirmed its holding in Ivory v. State, 351 So.2d 26, 28 (Fla.1977) wherein it held: .
it is prejudicial error for a trial judge to respond to a request from the jury without the prosecuting attorney, the defendant, and defendant’s counsel being present and having the opportunity to participate in the discussion of the action to be taken on the jury’s request. This right to participate includes the right to place objections on record as well as the right to make full argument as to the reasons the jury’s request should or should not be honored.
Williams, 488 So.2d at 64. A harmless error analysis is applicable only where communications between the judge and jury are outside the express notice requirements of rule 3.410. See id.; see also State v. Franklin, 618 So.2d 171, 173 (Fla.l993)(Any communication with the jury outside the presence of the prosecutor, the defendant, and defendant’s counsel is so fraught with potential prejudice that it cannot be considered harmless).
This court in McGlynn v. State, 697 So.2d 571 (Fla. 4th DCA 1997), held that the trial court reversibly erred in responding to a jury question while the jury was deliberating, without first offering counsel an opportunity to offer a proposed answer or raise objections:
we conclude that the trial court responded to the jury’s question before giving defense counsel any meaningful opportunity to have input on the court’s response. As such error is per se reversible, we give no consideration as to whether it may be harmless.
Like McGlynn, in this case, reversible error occurred where the trial court responded to the jury’s question without providing notice to the state and the defense, and further, by answering while defense counsel was not present.
Appellee takes the position that the trial court “substantially complied with rule 3.410” by previously obtaining appellant’s counsel’s position regarding sending jury instructions with the jury when it retired to deliberate. We do not agree. Pursuant to the Florida Supreme Court’s opinion in Williams, Ivory, and this court’s opinion in McGlynn, holding such error to be per se reversible, we reverse and remand for a new trial.
Because we are remanding for a new trial, we decline to address the other issues raised by appellant.
REVERSED and REMANDED for a new trial.
GUNTHER and POLEN, JJ., concur.