PER CURIAM.
Marvin Dixon appeals his conviction and sentence for burglary of an unoccupied dwelling, arguing that the trial court committed reversible error when it responded to a jury question without the record demonstrating that Dixon and his counsel had notice of the question, were present during the discussion of the answer, or were present when the trial judge gave the jury an answer. We reverse and remand for a new trial, because fundamental, per se reversible error occurred when the trial court answered the jury question in the manner reflected by the record before us. See Florida Rule of Criminal Procedure 3.410; State v. Franklin, 618 So.2d 171, 173 (Fla.1993); Bradley v. State, 513 So.2d 112, 113 (Fla.1987); Curtis v. State, 480 So.2d 1277,1279 (Fla.1985); Ivory v. State, 351 So.2d 26, 28 (Fla.1977); Hannah v. State, 732 So.2d 3, 5 (Fla. 1st DCA 1999); Woods v. State, 634 So.2d 767, 769 (Fla. 1st DCA 1994).
REVERSED and REMANDED for further proceedings consistent with this opinion.
ALLEN, WOLF AND VAN NORTWICK, JJ., CONCUR.