WARNER, J.
We deny the petition seeking a new appeal on the ground that petitioner received ineffective assistance of appellate counsel. We write to address petitioner’s contention that counsel was ineffective for failing to obtain a full appellate record. Petitioner has also filed a motion to supplement this petition with copies of the transcripts of the missing hearings. We hold that appellate counsel was not ineffective for failing to order transcripts of the hearings when petitioner has not alleged a specific error which occurred during the untranscribed portions of the record.
Petitioner was convicted and sentenced for burglary and robbery. He timely appealed his conviction. Appellate counsel raised as issues the insufficiency of the evidence on both charges and fundamental error in the burglary instruction. This court per curiam affirmed. See Lavin v. State, 842 So.2d 126 (Fla. 4th DCA 2003).
In his petition seeking a new appeal, petitioner alleges that his appellate counsel was ineffective because he failed to obtain a full appellate record. Counsel requested transcripts of the trial and sentencing hearing. He did not obtain transcripts of preliminary hearings.
Petitioner argues that he was prejudiced by counsel’s failure to obtain the transcripts because without them, neither appellate counsel nor he could determine whether there was reversible error during *489 these proceedings, as appellate counsel did not represent petitioner at trial. Petitioner represented himself during the trial proceedings and was appointed' stand-by counsel. Petitioner’s stand-by trial counsel, who was then appointed to represent him fully at sentencing, filed the designations to reporter and did not request transcription of any prior proceedings. See Fla. R.App. P. 9.140(f)(2)(A) (requiring trial counsel to file designation to court reporter requiring preparation of transcript of proceedings necessary to support the issues raised on appeal).
In Thompson v. State, 759 So.2d 650 (Fla.2000), the Florida Supreme Court rejected the same argument that petitioner makes here. The court stated:
We have previously rejected a similar claim that appellate .counsel was ineffective for failing to have transcribed portions of the record, including parts of voir dire, the charge conference, and a discussion of whether the defendant would testify. See Ferguson v. Singletary, 682 So.2d 53, 58 (Fla.1993). .We reasoned that “[h]ad appellate counsel asserted error which went uncorrected because of the missing record, or had [the defendant] pointed to errors in this petition, this claim may have had merit.” Id. However, because the defendant “point[ed] to no specific error which occurred” during the portions of the record that remained untranscribed, we concluded that appellate counsel was not ineffective. Id.; see also Turner v. Dugger, 614 So.2d 1075, 1079-80. (Fla.1992) (finding defendant had not been prejudiced by failure of counsel to have charge conference transcribed). As with the defendant in Ferguson, Thompson has not pointed to any errors that occurred during the untranscribed portions of the proceedings. Therefore, these habeas- claims are without merit.
Id. at 660.
Petitioner alleges that counsel should have ordered transcripts of his first appearance hearing and the Faretta inquiry hearings at which the court found him able to represent himself and appointed stand-by counsel. (Although he states that a transcript should have been ordered on his motion for speedy trial, it does not appear that -there was a hearing; petitioner filed a demand for speedy trial, not a notice of expiration of speedy trial time.) He does not, however, allege any specific errors which might have been committed at these hearings. In fact, he knows of none- and merely is unable to determine “the presence or absence of reversible error.” While he alleges that he was unrepresented for eighty days from the time of his first appearance to his Faretta hearing when stand-by counsel was appointed, he points to no prejudicial rulings which occurred during that time. In fact, it appears that no rulings were made. Moreover, from the appendix petitioner supplies, it appears that the public defender- had been appointed to represent him, and petitioner strenuously objected in writing to being represented by counsel.
Appellate ■ counsel is not ineffective for failing to secure a transcript of each and every hearing or proceeding from arrest through sentencing. While Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), announced the constitutional- principle that a state could not refuse to provide a transcript to an indigent defendant in a situation in which a wealthy defendant could secure one, it did not compel the production of a transcript of all proceedings if counsel deemed one unnecessary. See Draper v. Washington, 372 U.S. 487, 495, 83 S.Ct. 774, 9 L.Ed.2d 899 *490 (1963) (explaining that state is not required to expend funds unnecessarily for stenographic transcripts of criminal trial proceedings where part or all of transcript is not germane to consideration of appeal).
Appellate counsel must use his or her professional judgment in determining what errors to raise on appeal and, accordingly what portions of the record to produce for review. Counsel may determine that nothing of significance to an appeal occurred at a hearing and, therefore, determine not to order a transcript of the hearing. For instance, appellate counsel could confer with trial counsel to determine whether any reversible error might have occurred. Or, in circuits where the criminal proceedings are recorded, appellate counsel could request copies of the recordings to determine whether pre-trial proceedings need to be transcribed in order to raise an issue on appeal.
In these times of budgetary constraints, effective use of resources is essential. Where a less expensive but effective substitute is available for purposes of appeal, there is no constitutional prohibition against saving money.[1] Even wealthy defendants would not want their attorneys to needlessly spend their money.
Here, the appellate attorney could have requested transcripts of preliminary hearings but did not. The state has not denied the petitioner a transcript. His own attorney failed to order them. Therefore, the state has not deprived petitioner of any constitutional right to which he is entitled. Moreover, petitioner has not pointed out errors which occurred at the untranseribed proceedings. See Thompson, 759 So.2d at 660.
We deny the petition on all grounds raised.
POLEN and GROSS, JJ., concur.

. However, attorneys cannot substitute an audio or video recording for a trial transcript for the appellate court to review. Not only would this be contrary to the appellate rules, but given the very high caseloads of the courts, neither the judges nor their clerks can take the time to listen for two or three days (or more) to a full trial, when the written transcript can be thoroughly digested in a few hours.