PER CURIAM.
Frank Jackson petitions this court for a writ of habeas corpus alleging his appellate counsel provided ineffective assistance. We grant relief in part.
Jackson is entitled to a new direct appeal wherein he may raise the sole and specific issue of error associated with the trial court’s alleged failure to provide defense counsel with an opportunity to participate in formulating responses to the jury’s questions. See Woods v. State, 712 So.2d 1184 (Fla. 4th DCA 1998); McGlynn v. State, 697 So.2d 571 (Fla. 4th DCA 1997). Compare Lavin v. State, 861 So.2d 488 (Fla. 4th DCA 2003). If Jackson requests and qualifies for appointed counsel, the trial court shall grant such relief. Jackson shall have sixty days from the date of the issuance of the mandate in this case in which to file a notice of appeal to initiate the appellate proceeding.
WARNER, STEVENSON and MAY, JJ., concur.