760 So.2d 278 (2000)
Arthur A. KEY, Appellant,
v.
STATE of Florida, Appellee.
No. 4D98-2424.
District Court of Appeal of Florida, Fourth District.
June 7, 2000.
Donnie Murrell, Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Arthur A. Key timely appeals after a jury convicted him of third degree murder with a firearm. On appeal, he argues reversal is required because the trial court responded to a jury question without the attorneys and defendant being present. We disagree and, thus, affirm.
On the morning of June 4, 1998, after having recessed overnight, the jury in Key's trial resumed deliberations in the jury room. Thereafter, it sent out a written request to the judge to read back the testimony of several witnesses. Judge Mounts tried to call the parties back into the courtroom, but could not locate counsel for either side. As such, Judge Mounts responded to the request by telling the jury that the readback would take place after the break. Subsequently, court reconvened and the state and Key were informed of the jury's request and the readback. The read-back then took place in his presence.
Key contends that the court violated Florida Rule of Criminal Procedure 3.410 when it responded to the jury's request outside his presence. Rule 3.410 provides,
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read to them. The instructions shall be given and the testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
Fla. R.Crim. P. 3.410. He argues that such error is per se reversible.
In Ivory v. State, 351 So.2d 26 (Fla. 1977), the supreme court held that it is per se reversible error for a trial court to respond to a question from the jury without first giving counsel prior notice, the opportunity to discuss the action the court will take pursuant to the request, and the *279 chance for counsel to object on the record. Id. at 28. In Williams v. State, 488 So.2d 62 (Fla.1986), the court clarified that the per-se reversible-error rule applies only to communications expressly encompassed by rule 3.410; other communications between the judge and the jury are subject to a harmless-error analysis. Id. at 64.
While the jury's request was encompassed by rule 3.410, we hold that the actual conversation between the judge and jury outside Key's presence was not. The judge responded that he would, at a later time, grant the jury's request, outside Key's presence; he did not read back the requested testimony until the state attorney, Key, and his attorney re-entered the courtroom and had an opportunity to pose any objections to the proposed read back. No objections were made. Even though the judge should not have discussed the jury's request outside Key's presence at all, his conversation with the jury does not fall within the strict ambit of rule 3.410.
Thus, and pursuant to Williams, we must engage in a harmless error analysis. Under that analysis, we hold that Key has failed to meet his burden of showing how the court's error was harmful. Accordingly, we affirm.
AFFIRMED.
STONE and GROSS, JJ., concur.