PER CURIAM.
The defendant, Clarence Lee Dixon, contends that he is entitled to a new trial because the lower court failed to notify his trial counsel that the jury had sent a note to the trial court after the jury had retired to consider their verdict. The defendant bases his argument on Rule 3.410, Florida Rule of Criminal Procedure, which provides as follows:
After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read to them they shall be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read to them. The instructions shall be given and the testimony read only after notice to the prosecuting attorney and to counsel for the defendant.
(emphasis added).
The record on appeal indicates that the jurors may have sent a note to the trial court. The court clerk’s notes provide:
The jurors retired to consider their verdict.
The jurors sent a note to the Court (See Court Exhibit # 1)*
[[Image here]]
* Please note that upon receipt of trial exhibits from the bailiff, court exhibit # 1 (jury question) was not received and after a thorough search could not be located.
Further, the reference to the jury note on the Exhibit List was crossed out. Finally, there is no reference to the note in the transcript.
Because there is no indication in the present record as to the contents of the note, if any, it is impossible to determine whether Rule 3.410 is implicated. As such, we remand for an evidentiary hearing to give the defendant an opportunity to supplement the record with sworn affidavits, testimony, and any other evidence that *465 may shed light as to the contents of the note. Fla. R.App. P. 9.200(f).
Further, we find no merit as to the remaining issues raised by the defendant.
Affirmed in part and remanded for supplementation of the record.