PER CURIAM.
In Dixon v. State, 24 Fla. L. Weekly D394, — So.2d -, 1999 WL 68529 (Fla. 3d DCA Feb.10, 1999), the defendant contended that he was entitled to a new trial because the lower court faded to notify his trial counsel that the jury had sent a note to the trial court after the jury had retired to consider the verdict. The defendant contended that the jury note implicated Rule 3.410, Florida Rule of Criminal Procedure. Because there was an absence of evidence as to the note’s contents, this Court remanded the cause “for an eviden-tiary hearing to give the defendant an opportunity to supplement the record with sworn affidavits, testimony and evidence that may shed light as to the contents.”
On remand, the trial court conducted two evidentiary hearings wherein the bailiff, the court clerk, the foreperson, and four jurors testified as to the contents of the note. The testimony reflected that the jurors’ note was a request for food, a request to see some pictures admitted into evidence, or an inquiry as to how long deliberations would last. Because Rule 3.410 was not implicated, the failure to advise counsel of the jury’s note is subject to harmless error analysis. Bradley v. State, 513 So.2d 112, 113 (Fla.1987). On these facts, we find that the jury’s note did not influence the defendant’s conviction and that any error was harmless. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Accordingly, the defendant’s judgment of conviction and sentence is affirmed.
Affirmed.