SORONDO, J.
(dissenting).
I respectfully dissent. The majority accurately relates the history of the present case before this Court and the evidentiary *16 hearing conducted by the lower court pursuant to this Court’s mandate. Unfortunately, although the lower court conducted the evidentiary hearing ordered by this Court, it did not make any factual findings in spite of the conflicting testimony presented below.
As the majority observes, neither the lawyers, the bailiff nor the trial judge had any recollection of the existence of any note from the jury. The deputy clerk in the courtroom had no independent recollection of a note but testified that she assumed that there was one because her notation indicated, “Jurors sent a note to the Court (See Court Exhibit # 1).” She further assumed that the referred to note must have been missing when the jury returned the evidence at the conclusion of the trial, which, she again assumed, explained why the notation had been crossed out by the clerk who relieved her.
Of the six people who served on the jury, four could not recall the existence of a note. One of these four jurors stated that although she could not remember the existence of a note, if there was one it would have contained a request to see the pictures in evidence. Another of the four jurors stated that although he also could not remember the existence of the note, if there was one it would have contained a request for food.
Of the remaining two jurors, one remembered that the note was a request for food. He further stated that there had been a verbal request made to the bailiff to view the pictures in evidence (the bailiff apparently had no such recollection). The remaining juror, the foreperson, remembered the existence of a note but had no recollection of its contents. She remembered asking for food but could not remember any legal questions or requests for clarifications from the court. She was specifically asked about a request for pictures:
Q. Do you remember ever asking any legal questions, like asking the Court to clarify a point of law or anything like that?
A. No. They supplied us with all the evidence before we went in there.
Q. Do you remember ever asking the court to send some pictures back for you all to look at?
A. No. I don’t think they gave that to us before we went in.
The last and most important answer, clearly a non-sequitur and inconsistent with the first answer, was not followed up by either side.
Having received this hodgepodge of uncertainty, the trial judge failed to do that which must be done at the conclusion of any evidentiary hearing — evaluate the testimony presented, determine the credibility of the witnesses, and make factual findings concerning wThat actually happened. This lapse seems to have occurred due to this Court’s initial opinion which read, in pertinent part, as follows:
Because there is no indication in the present record as to the contents of the note, if any, it is impossible to determine whether Rule 3.410 is implicated. As such, we remand for an evidentiary hearing to give the defendant an opportunity to supplement the record with sworn affidavits, testimony, and any other evidence that may shed light as to the contents of the note.... Affirmed in part and remanded for supplementation of the record.
Dixon v. State, 24 Fla. L. Weekly D394, — So.2d -, 1999 WL 68529 (Fla. 3d DCA Feb. 10, 1999)(emphasis added). It appears that the highlighted language above led the lower court to believe that all this Court was seeking was the supplementation of the record and nothing more. This belief was undoubtedly reinforced by defense counsel’s closing statement:
That’s all Judge. I think that completes what we need to do.
Counsel then summarizes the evidence set forth above and concludes:
I think we have now made a sufficient record for the Third District Court of Appeal to determine the legal issue. It’s all they have asked us to do.
*17 Subsequent statements by the prosecutor indicate that the state’s understanding of this Court’s mandate was the same as defense counsel’s.
Regardless of the misunderstanding, it is clear that where this Court remands for an evidentiary hearing it is inherent in such an order that the lower court judge make factual findings. This is particularly necessary where, as here, there exist conflicts in the evidence. Given the conflicting and uncertain nature of the evidence presented and the absence of any factual findings, I do not believe this Court is in a position to conclude that the trial judge reversibly erred by violating the requirements of Rule 3.410.
I would relinquish jurisdiction for a period of thirty days with instructions to the lower court to complete the evidentiary hearing by recording and explaining its factual findings.