IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOHN MCDONALD,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4458

Opinion filed March 7, 2017.

An appeal from the Circuit Court for Union County.
David L. Reiman, Senior Judge.

Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.

WINOKUR, J.

     Appellant John McDonald appeals his conviction for two counts of vehicular homicide. McDonald argues that the court violated Florida Rule of Criminal

Procedure 3.410 when it failed to consult with counsel before responding to a question submitted by the jury during deliberations. We agree and reverse.[1]

During its deliberations at trial, the jury sent a note to the court asking "What is [McDonald's] driving record like? Does he get tickets for speeding often?" The judge wrote an answer, "You must rely on the evidence you have heard." Neither party objected. The jury then sent a second note reading, "Copy of Trooper Bazinet's report." This report was not admitted at trial, so the court wrote a reply note reading, "You must rely on the evidence admitted during the trial." Both the prosecutor and defense counsel assented to the response.

The jury then sent a note with a third question, "Did the passenger in the Toyota Corolla [the car struck by McDonald] have her seatbelt on?" The judge did not discuss the note with counsel for either party. Instead, the court told the parties that he was bringing the jury back in, without explanation. The court then made the following statement to the jury:

> Ladies and gentlemen, I have brought you back in because I know that you have already asked a couple questions and I have sent back a couple answers. I'm going to take a moment and—these are the jury instructions that you have copies back there in the jury room. I'm going to turn to page 2 of these jury instructions. Okay. And the second paragraph, I'm going to read it, and I'm going to reread it and I'm going to

---

[1] We reject McDonald's claim that the evidence was legally insufficient to support the conviction. Because we are reversing McDonald's conviction for new trial, we need not address his remaining issues on appeal.

2

reread it and I'm going to reread it, and I want you to listen to me very carefully.

It is to the evidence introduced in this trial and to it alone that you are to look for that proof.

Let me read it again: It is to the evidence introduced in this trial and to it alone that you are to look for that proof.

Now, if you don't understand that, I don't mind keep on saying it, but the only thing that you are to consider is the evidence admitted in this trial. No other investigations, no other inquiries, no other matters are going to be submitted to you, nothing else. The only thing that you consider your verdict on is what you have heard from this witness stand and the exhibits produced during the course of the trial. Have I made myself clear?

Thank you. Please go back into the jury room and deliberate.

Defense counsel made no comment about the court addressing the jury in this manner. Shortly after this instruction, the jury returned a guilty verdict on both counts of vehicular homicide.

McDonald moved for new trial, in part on the ground that the court violated Rule 3.410, Florida Rules of Criminal Procedure, with regard to the third juror question.[2] This rule provides as follows:

After the jurors have retired to consider their verdict, if they request additional instructions or to have any testimony read or played back to them they may be conducted into the courtroom by the officer who has them in charge and the court may give them the additional instructions or may order the testimony read or

[2] Regarding his failure to object to the trial court's statements to the jury at the time they were made, McDonald alleged in his motion that his counsel had been unaware of the third juror question until after trial.

played back to them. The instructions shall be given and the testimony presented *only after notice to the prosecuting attorney and to counsel for the defendant*. All testimony read or played back must be done in open court in the presence of all parties. In its discretion, the court may respond in writing to the inquiry without having the jury brought before the court, provided the parties have received the opportunity to place objections on the record and both the inquiry and response are made part of the record.[3]

(Emphasis supplied.) Violation of Rule 3.410 is reversible error. *See Colbert v. State*, 569 So. 2d 433 (Fla. 1990). *See also Bradley v. State*, 513 So. 2d 112 (Fla. 1987) ("The right to participate, set forth in *Ivory*, includes the right to place objections on the record as well as the right to make full argument as to why the jury request should or should not be honored."); *Ivory v. State*, 351 So. 2d 26, 27 (Fla. 1977) ("We now hold that it is prejudicial error for a trial judge to respond to a request from the jury without the prosecuting attorney, the defendant, and defendant's counsel being present and having the opportunity to participate in the discussion of the action to be taken on the jury's request."). We conclude that the trial court violated this rule, and accordingly reverse and remand for a new trial.

Reversed and remanded.

JAY and WINSOR, JJ., CONCUR.

---

[3] Rule 3.410 was amended in 2015, after trial in this case. This provision is now Rule 3.410(a), and contains slightly altered language. *In re Amendments to Florida Rules of Criminal Procedure*, 188 So. 3d 764, 773 (Fla. 2015).